BRANDON *v.* BRANDON.

(*Nashville*, December Term, 1939.)

Opinion filed February 3, 1940.

RICHARD MARSHALL, of Nashville, for appellant Mrs. Leone D. Brandon.*

LITTELL RUST, of Nashville, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Mrs. Leone Brandon, on October 3, 1922, was granted a decree for absolute divorce from D. G. Brandon and the custody of their four minor children. The decree with reference to the allowance of alimony provided that D. G. Brandon pay into the office of the clerk of the court the sum of $250 "on the first day of each month thereafter, until the further orders of the court, as alimony for the maintenance of the said Leone D. Brandon and her said four children; . . ." The court further ordered "that as alimony, the cross-complainant, Leone D. Brandon, shall be furnished with a home out of the estate of cross-defendant, D. G. Brandon, to cost $9,000, or approximately that amount, however, not to be exceeded, and the title to the home to be vested in the said Leone D. Brandon for and during her natural life; the remainder at her death, in the surviving children, or if any of the children shall die leaving children, such children to take the parent's share."

It was further adjudged that D. G. Brandon "shall pay

*Mr. Marshall represented the appellant, Mrs. Brandon (defendant and cross complainant) only in this proceeding under the intervening petition and not in the original divorce suit.

all taxes, state, county and municipal, that may accrue against the home so furnished, from time to time, and shall in addition pay the premiums for insurance against loss or damage by fire or lightening, in a sum not less than $6,500."

By subsequent order the monthly alimony was reduced to $150.

Mr. Brandon died on June 2, 1938. He had paid in full the monthly installments of alimony and had purchased a home for Mrs. Brandon and the title thereto was vested as ordered by the decree.

The questions presented for determination are (1) whether the estate of D. G. Brandon, deceased, is liable to Mrs. Brandon for $150 for each month during the balance of her life, and (2) whether said estate is liable for taxes and insurance on the homeplace during her life.

The chancellor held against Mrs. Brandon on both of the above questions and she has appealed to this court and assigned errors.

(1) Alimony is allowed the wife in recognition of the husband's common law liability to support her. *Toncray* v. *Toncray*, 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas., 1912C, 284; *Swan* v. *Harrison*, 42 Tenn. (2 Cold.), 534. This liability for support of the wife necessarily ends with the death of the husband. *Wilson* v. *Hinman*, 182 N. Y., 408, 413, 75 N. E., 236, 2 L. R. A. (N. S.), 232, 108 Am. St. Rep., 820; *Borton* v. *Borton*, 230 Ala., 630, 162 So., 529, 101 A. L. R., 320. Alimony, therefore, is ended by the death of the husband, the event upon which the obligation of support would have ended had there been no divorce. *Blades* v. *Szatai*, 151 Md., 644, 135 A., 841, 50 A. L. R., 232.

In 17 Am. Jur., p. 473, it is stated:

"According to the weight of authority, a decree,

granted in connection with an absolute divorce, for the regular periodical payments of alimony to the wife for her maintenance and support is terminated upon the husband's death, in the absence, at least, of some stipulation in the order which would require payments after his death.''

See, also, Annotations 101 A. L. R., 323, and 18 A. L. R., 1040.

The original decree herein fixed a sum certain (the furnishing of a home) as a sole charge on the corpus of the estate of D. G. Brandon, deceased, with allowance of future monthly payments to be made by him for her support and maintenance and future payments by him of all taxes and insurance premiums on the home provided by him.

█ The decree is plain and unambiguous and is not open to the construction that the monthly payments for the support of Mrs. Brandon and her children and the payment of taxes and insurance on the home were to bind the estate of D. G. Brandon and continue, after his death, as long as Mrs. Brandon shall live.

In *Murphy* v. *Shelton*, 183 Wash., 180, 48 P. (2d), 247, 248, by the terms of the decree of divorce the wife was awarded a life estate in certain real property. The husband was ordered to pay all taxes and insurance on the property, and, in addition thereto, was directed to pay the wife the sum of $50 per month for her support. The time the payments were to run was not specified in the decree. The husband died testate. The wife made claim for alimony accruing subsequent to the death of the husband. The court held that while, under the statutes of Washington, the court had the power to prescribe in the decree that alimony shall continue beyond death of the husband, it had not done so, and said "the provision for

continuance of such payments after death must either be specifically stated in the decree, or else its language must be so clear and unmistakable as to indicate that the court intended that the decree should have that effect. In the absence of specific statement or clear intention, it will be presumed that the payments abate upon the death of either spouse.''

■ The chancellor properly excluded the testimony of Mrs. Brandon as to her understanding that the alimony would be paid her as long as she lived. The decree entered by the court must control and is not subject to alteration or change by prior statements of the parties.

The decree of the chancellor must be affirmed. Mrs. Brandon will pay the costs of this appeal.