In re ESTATE of JOE FRANK KERBY, Deceased.
—354 S. W. (2d) 814.

Middle Section.   June 30, 1961.

Petition for Certiorari Denied by Supreme Court, March 7, 1962.

330

Queener & Courtney, Columbia, for claimant.

Pattie Hilliard, Nashville, for Mary Scott Kerby.

MacFarland & Colley, Columbia, for executor.

HUMPHREYS, J.  Lillian Quarles Kerby obtained a divorce from Joe Frank Kerby in August, 1957.  At that time they had one child who was two years of age. The divorce decree made no provision for alimony to Lillian Quarles Kerby.  However, it provided with respect to the support of the minor child as follows:

"The defendant will pay to the plaintiff for the support of said child the sum of Sixty ($60.00) Dollars for each and every month, payable bi-monthly at the rate of Thirty ($30.00) Dollars, said payments to be made directly to the plaintiff.  However, the

defendant will not be required to pay the above bi-monthly payment for support of said child during the periods of time in which the child is in the actual control and custody of the defendant himself.

"The defendant, Joe Frank Kerby, shall provide for his son, Charles Franklin Kerby, upon the graduation of said child from high school, a four (4) year college education. The extent of defendant's expenditures for this purpose will be consistent with his financial ability and reasonable requirements for such education."

This support provision was entered in the decree after negotiation between the parties through their counsel, carried out while the divorce suit was pending.

Joe Frank Kerby died testate January 31, 1960, survived by a widow, Mary Scott Kerby, to whom he had been married approximately six months at the time of his death, and by whom he had no surviving child.

By his will which was executed January 17, 1958, five months after the divorce and support decree, he divided his estate which amounted in gross to approximately $27,000.00, equally between his father, whom he named executor, his mother and his son, with the son's share in trust for his support and education. He also left a $5,000.00 life insurance policy in which his mother was named beneficiary. Because of the provisions in the divorce decree, Lillian Quarles Kerby, as next friend and natural guardian of the infant son filed a claim in his behalf against the estate for monthly support payments in the amount of $9,360.00 and a four year college education in the amount of $10,000.00. The

claim was first filed upon the contention the periodic support payments and the education provision survived Kerby's death as obligations against the estate. Later, the claim was amended so as to bring forward the contention that because the support and education provisions had been arrived at by negotiation between the parties while the suit was pending, their inclusion in the decree amounted to a judgment in favor of the claimant for this amount which would survive. Adequate exceptions were filed and the case was heard by the county judge who sustained the claims directing the executor to pay the sum of $19,360.00 to James Kerby, claimant's grandfather, as trustee, to be used for the purposes of paying for his support and education in accordance with the decree.

The executor has excepted to the degree and has appealed and assigned errors which attack the holding of the lower court and the validity of certain evidence received and considered by the court in arriving at the decree pronounced.

The law in cases of this character is well settled in Tennessee. In Brandon v. Brandon, 175 Tenn. 463, 135 S. W. (2d) 929, the Supreme Court had before it the question whether alimony and child support payments survived under a decree providing:

" 'on the first day of each month thereafter, until the further orders of the court, as alimony for the maintenance of the said Leone D. Brandon and her said four children; * * *.' The court further ordered 'that as alimony, the cross-complainant, Leone D. Brandon, shall be furnished with a home out of the estate of cross-defendant, D. G. Brandon, to cost

$9,000, or approximately that amount, however, not to be exceeded, and the title to the home to be vested in the said Leone D. Brandon for and during her natural life; the remainder at her death, in the surviving children, * * * such children to take the parent's share.' " 175 Tenn. 464, 135 S. W. (2d) 929.

With respect to this decree the Court said:

"The original decree herein fixed a sum certain (the furnishing of a home) as a sole charge on the corpus of the estate of D. G. Brandon, deceased, with allowance of future monthly payments to be made by him for her support and maintenance and future payments by him of all taxes and insurance premiums on the home provided by him.

"(2) The decree is plain and unambiguous and is not open to the construction that the monthly payments for the support of Mrs. Brandon and her children and the payment of taxes and insurance on the home were to bind the estate of D. G. Brandon and continue, after his death, as long as Mrs. Brandon shall live." 175 Tenn. 466, 135 S. W. (2d) 930.

Again, in the case of In re Moore's Estate, 34 Tenn. App. 131, 234 S. W. (2d) 847; one of the questions was whether child support payments survived the death of the divorced father under a decree providing the divorced father should pay the sum of $25.00 per month for each of two children and that, should there be a change in the status of the third child then living with its grandmother, he should pay the same amount for him. After the fullest consideration of this decree, from a sympathetic standpoint evincing full awareness of the

public policy to be served in molding the law to provide for the support of infant children as against the public policy and rule of law which permits a man to remain in charge of his property and dispose of it as he will, this Court held that, although it is the rule the provision for the support and maintenance of children awarded in connection with the granting of an absolute divorce does not *necessarily* terminate with the death of the father, and whether it does so depends upon the language of the decree, *that the support payments involved did not survive because there was no language in the decree which expressly or impliedly evinced that intent.* We quote the following from that opinion:

> "But holding, as we are disposed to do, that a court administering equitable principles and having the requisite jurisdiction of the parties and subject matter, may, if the circumstances justify, also provide for the support of minor children in a manner that will be binding upon the estate of the father after his death, *it is obvious that whether this can be said to have been done in a particular case must depend upon the language of the decree.*" (Emphasis ours.) 34 Tenn. App. 152, 234 S. W. (2d) 856.

█ It is plain from reading the decree that the parties in this case never had in mind the question of survivorship of the monthly payments or the education provision for there is no language in the decree relating to this proposition.

Claimant has fastened on certain circumstances which it is argued are sufficient to force the inference the decree means for the payments to survive. One of these is that the decedent had a heart condition all of his life

and died during heart surgery. It is said we should infer from this that there was no intention the payments should cease at death. With this we cannot agree. It seems to us that in view of the uncertainty of decedent's future, which was known to his wife, a provision would have been made in the decree for survivorship of the payments and the college education if this had ever been considered. Nor, do we think the circumstance that by will decedent divided his property between his parents and child, and made his mother the beneficiary of his only insurance policy in the amount of $5,000.00, when taken in connection with the language of the decree is sufficient to warrant this Court in holding the parties intended the support payments to survive death. Again, it seems to us the contrary inference must be drawn. Had decedent understood he had agreed that support and education payments were claims against his estate, in his will executed five months after the divorce decree, he would not have left one third of his estate in trust for the support and education of his son.

It is argued with respect to the provision for education that inasmuch as this is in futuro it is in a different category from the monthly payments. We cannot agree with this insistence. We think the same rule applies to this provision as applies to the provision for monthly payments. After all, it is simply a provision in a larger amount for a specific maintenance and support purpose and is no more "in futuro", except in degree, than other deferred payments. These differences in the nature of the payments are not enough to render inapplicable the rule requiring mention of the intent to survive in the decree. Moreover, survival of this item is contrary to

the express provision therein that the extent of the outlay for such education shall be consistent with Joe Frank Kerby's financial condition at the time the child is ready for it. It seems plain that had the parties ever considered the possibility of Joe Frank Kerby's death before the time for claimant to receive his education this would have been dealt with in the decree. Of course, if the parties themselves never considered the possibility of Kerby's death and on this account did not deal with it in the decree, or for any other reason did not do so, this Court cannot, out of a number of circumstances none of which individually or altogether equal the fact that the decree is silent on this proposition, construct such an intent. As judges on events that have occurred it is our duty to find them as they are, and not as they ought to be.

There is a rule that, where wife or child support payments are represented by contract, and the divorce decree recognizes the existence of the agreement, and pronounces judgment so to speak thereon, such payment provisions survive. The claimant invokes this rule and cites In re Flicker v. Chenitz, 55 N. J. Super. 273, 150 A. (2d) 688; In re Fredenthal, 25 Misc. (2d) 1068, 206 N. Y. S. (2d) 194; In re Estate of Howe, 15 Misc. (2d) 1044, 183 N. Y. S. (2d) 156; In re Silver's Estate, 24 Misc. (2d) 939, 201 N. Y. S. (2d) 415; Simpson v. Simpson, Fla. App., 108 So. (2d) 632. These cases simply apply the principle that contract obligations survive as claims against the estate of a decedent whether integrated in a decree or not. It is sought to have that principle applied here because the support payments and the education provision were arrived at by agreement between the parties after the divorce suit was brought rather than by adjudication of the court on evidence

introduced in the divorce action. We do not think this principle is applicable. It is plain from the record the divorce decree did not pronounce judgment upon a contract whereby Kerby had contracted to make support payments and provide an education. The negotiations were part of divorce proceedings and were with respect to what should go in the decree—a vastly different case from one in which a decree is based on a contract. This being the case, the principle does not apply.

We are earnestly asked to reexamine the law on this subject and hold that a bare provision for periodic payment survives whether so provided in the decree or not. We must reply that if the rule is to be changed, this change must be made by the Supreme Court or by the Legislature. We are not at liberty to disregard pronouncements such as are contained in Brandon v. Brandon, supra, and In re Moore's Estate, supra, which clearly hold that periodic support payments terminate on the death of the father unless a contrary intent appear in the decree. We point out that the same authorities claimant relies on as warranting a change in the rule were considered in In re Moore's Estate, supra, commencing 34 Tenn. App. at page 147, 234 S. W. (2d) 847, and the rule was then announced as here applied. Moreover, we doubt the wisdom of rejecting a rule which invokes the judgment of the court as to whether support payments shall survive, in favor of a rule where survival is arbitrary.

Though in this case we are presented with a more appealing alternative, a decision in favor of a child, we abide by the law as written and dismiss the claim.

Shriver and Howard, JJ., concurring.