388

MRS. CARRIE KELLY

*v.*

MRS. MARY WALKER et al.

(*Jackson,* April Term, 1961.)

Opinion filed May 5, 1961.

Douglas T. Bates, Centerville, for appellant.

R. R. Haggard, Jr., Waynesboro, for appellees.

MR. JUSTICE BURNETT, delivered the opinion of the Court.

On June 20, 1953, Mrs. Mary Walker and others filed this suit as a bill in ejectment wherein they prayed that the title to certain lands in controversy be decreed to them and that an alleged champertous deed be removed as a cloud upon their title. Further prayers were in the bill not necessary to here note. On August 15th thereafter the bill was answered by Mrs. Kelly, the now appellant, and she made various allegations by way of denial and to the effect that the complainants had no title to the land in dispute and also claiming adverse possession of seven and twenty years. At that time Mrs. Kelly was represented by eminent counsel not now representing her. Due to various and sundry reasonable circumstances set forth in the briefs this cause dragged along for sometime when on the death of complainants' counsel the present counsel for the appellees was allowed to withdraw. The suit was dismissed for failure to prosecute. Subsequently on petition the suit was reinstated. Seven years after the suit was originally instituted, to-wit, on June 20, 1960, a "Consent Decree" was entered adjudging the rights of the parties in favor of the complainants against the defendant and likewise adjudging the costs against the defendant, now the appellant. It is from this "Consent Decree" that the questions for determination here arise.

Within thirty days after this "Consent Decree" was entered the present counsel for appellant filed a petition in the case asking that the "Consent Decree" be set aside. The petition was sworn to and alleged that the appellant had not at any time consented to the entry of

the "Consent Decree" and did not know that the same had been entered and that she did not authorize entry of the same. The petition, of course, prayed to set aside the "Consent Decree" and allow the appellant a hearing on the merits and that the case be remanded to the rules and proof.

The appellees filed a demurrer to this petition based on three grounds, all of which were sustained by the Chancellor. These three grounds were, (1) that there was no equity upon the face of the petition; (2) that the petition showed on its face that matters complained of in the petition occurred outside the scope and control of the complainants; and (3) that the petition showed on its face that a valid "Consent Decree" had been entered of record and that the petitioner was, therefore, not entitled to any relief. After argument on the demurrer pro and con the Chancellor filed a very able and comprehensive opinion in which he sustained the demurrer and held that a consent decree in the absence of any allegation of any fraud, is valid as against an attack by virtue of it being a consent and agreed decree. It is from this holding that an appeal has been perfected, able briefs filed, arguments heard, and after reading and re-reading these briefs and making a rather extensive independent investigation we have the matter for disposition.

In the first place the Chancellor seemed to be of the opinion that a consent decree could not be set aside by him even though a petition to do so was filed within thirty days from the entry of the decree, except when it was attack in an independent action as by an original bill in the nature of a bill of review. As authority for this position our case of *Jones v. Williamson*, 45 Tenn. 371, is relied on. The facts in the instant case though do

not bring it within those wherein that question was discussed and that rule laid down in the *Jones v. Williamson* case. Now under our practice all orders, judgments and decrees of the Chancery Court are in the breast of that court, and subject to its control, and may be amended, modified, vacated, or overruled if seasonable and proper application is made therefor within thirty days from the entry of the decree which is sought to be changed, modified or amended. See *Citizens' Bank & Trust Co. v. Bayles,* 153 Tenn. 40, 281 S.W. 932, and authorities there cited. See also Section 27-312, T.C.A. Subsequent authorities likewise for this statement may be found by Shepardizing the question.

Application was not made within the period in which such decrees were in the breast of the court in the *Jones v. Williamson* case. That case, as far as the consent decree is concerned, is bottomed on a quotation which has frequently been used in cases in this State from *Bradish v. Gee,* Amb., 229, wherein the speaker for the House of Lords on the question made the statement:

> "Where a decree is made by consent of counsel, there lies not an appeal or re-hearing, though the party did not really give his consent; but his remedy is against his counsel; but if such decree was by fraud and covin, the party may be relieved against it, not by re-hearing or appeal, but by original bill."

■ This statement was adopted as a proper rule by Chancellor Cooper in one of his noted opinions in 1875 in *Musgrove v. Lusk,* 2 Tenn.Ch. 576, and has been quoted and alluded to many times since. In these cases though where this rule has been applied it is to be noted that the consent decree has become final and has passed beyond

the control of the court and is not in the condition as herein. Such a decree as this, after it becomes final, that is, after the thirty days, is conclusive upon the consenting parties and can neither be amended nor in any way varied without like consent, nor can it be re-heard, appealed from, or reviewed upon a writ of error. *Williams v. Neil,* 51 Tenn. 279; *Jones v. Williamson,* supra; *Boyce v. Stanton,* 83 Tenn. 346; and many other cases. The situation in those cases is not the situation here.

■ Consent decrees, of course, are very fine things, very salutary, and advance the hearing of matters and are to be encouraged. In a consent decree the court does not inquire into the merits or equities of the decree nor whether it is sustained by the pleadings. *Wilson v. Schaefer,* 107 Tenn. 300, 64 S.W. 208; *Johnston v. Osment,* 108 Tenn. 32, 65 S.W. 23; Gibson's Suits in Chancery, 5th Ed., Vol. 1, Section 619. We say this for reason of the argument herein made as to what this decree showed; in other words, that the pleadings, etc., had been considered by the Chancellor before entering the consent decree. This, of course, from the authorities is not necessary and has no part in our consideration of the question now before us. The decree is in the proper form of a consent decree.

Mr. Gibson in the Section last cited, to-wit, 619, says this in reference to a consent decree:

"The consent of counsel to a decree is to be given upon their own conception of their authority; and if their client is injured by such consent, his remedy is against his counsel, unless his counsel's consent was procured by fraud." Citing as authority for this statement 1 Bar.Ch.Pr., 374; 2 Dan.Ch. Pr., 575.

 Probably it was on the basis of this statement and on authorities based around the statement above quoted from the English case out of which the rule has become firmly fixed and established in this State, that after a consent decree becomes final it can only be attacked either by a suit against counsel who consented to it, or by a bill of review or some original action. The above statement though from Mr. Gibson and these authorities do not take into consideration the factual situation before us, that is, that the present consent decree is still within the breast of the court and it is still within the power of the court to do anything the facts and circumstances demand when properly brought to the attention of the court.

This discussion, what has been said heretofore, obviously and necessarily brings us to the question of what was or is the authority of counsel to enter into an agreement or agree to a consent decree. The books are literally full of cases on the subject. Each of these cases though in effect is bottomed on the particular facts of that case or upon the practice or procedure or statutes of a particular State. Many of these cases may be found annotated in 139 A.L.R. 421, et seq., and 69 A.L.R.2d 752, et seq. These two annotations refer to other annotations and in the lot there are legions of cases from every State in the Union on the question. In summing up though as to what is the authority of an attorney in entering into a consent decree, this statement from 5 Am.Jur., page 321, Section 101, Attorneys at Law, is quite generally true. The statement is:

"It is quite generally conceded that the control of the attorney, as such, over the conduct of the cause impliedly authorizes him to bind his client by a confession of, or consent to, judgment, and by his consent

to orders and judgments made in the progress of a cause and intended to promote the interests of his client. However, where a judgment is entered by an attorney by confession against his client, an inquiry may properly be ordered as to the consideration and the proceedings be stayed in the meantime. The rule itself is based on a presumption and becomes impotent whenever the presumption is reasonably rebutted.''

█ Thus, we think that is a fair statement as to what effect the consent of reputable counsel to a decree has (there is absolutely no indication or inference or reference herein that counsel who consented to this decree were not of the finest character from every standpoint) and then when an attorney (obviously the court before whom he practices knows more about his reputation, etc., than anybody else) agrees to the entry of a consent decree against his client he is presumed to be acting with the client's consent, and a decree entered in accordance with such an agreement ordinarily is conclusive against the client with the burden placed upon the client to show that the decree was not entered with his consent. Such burden is here carried by this sworn petition to overcome the presumption of consent by counsel in the absence of proof to the contrary.

See also the question generally discussed in 7 C.J.S. Attorney and Client sec. 73, p. 875 and sec. 86, p. 907. In discussing the questions now before us, taking up case after case, the annotator in 139 A.L.R. at page 450, makes this very pertinent observation:

"Courts of equity have exercised and will exercise power to give relief against judgments obtained

through the consent of an attorney for a litigant, in independent civil actions or suits brought for that purpose, where legally sufficient grounds are averred and shown. Questions as to what constitutes legally sufficient grounds for this purpose embrace principles of the substantive law governing the relationship of attorney and client. However, in several cases the courts have stated that the power exists, pointing out that the main question is one of application and limitation."

■■ Thus it is that we come to the situation in the present case wherein within thirty days after the consent decree was entered we have a sworn petition, swearing that said decree was entered without the consent or knowledge of the party charged in the decree. We have as against this sworn statement the demurrer which inferentially by its use admits the truth thereof by saying that even though this is true counsel had the consent or there is the like presumption that they did have such a consent and that such a presumption and action on their part will counter-balance the sworn statement of the party that they did not have such a consent. Under such a situation there being no fraud or such alleged, but merely the allegation of lack of authority, then it becomes a question for the court to exercise his sound discretion in acting on the matter. We ask ourselves then what is the meaning of a sound discretion? We think that it means sound discretion exercised, not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and law, and directed by the Chancellor's reason and conscience to a just result.

Viewing the situation here from this standpoint we feel bound to hold in view of the sworn petition that no authority was granted or agreement made to enter into this consent decree after the original bill had been answered and certain defenses, etc., set up, even though counsel might have concluded after doing so that these defenses were not available still the parties complaining should have the right to be heard before the Chancellor on the merits of whether or not they did enter into a consent decree when they have sworn that they did not, and what were the reasons therefor. In view of the fact that the Chancellor concluded that he had no jurisdiction and that this suit would have to be an independent action and in view of the statement above quoted from Mr. Gibson and authorities cited by the Chancellor that any rights that the parties had should be against the attorneys for entering any such decree, we think if the Chancellor hadn't been of the opinion that these things were binding on him that he certainly would have granted the petition and heard the matter on its merits. This being true, we think that by reason of these things he didn't exercise his sound discretion and that thus the matter should be reversed and the cause remanded for an answer to the petition and proof, etc., if necessary, thereon.

This case is very similar in many ways to that of *Mathews v. Massey,* 63 Tenn. 450, wherein this Court held that an attorney cannot consent to a decree nor confess a judgment which amounts virtually to a compromise of his client's case. The Court in this Mathews case quotes extensively Chief Justice John Marshall in the case of *Holker v. Parker,* 7 Cranch 436. To say the least the quotation there made and the statements of Chief Justice

John Marshall are applicable in many particulars to those herein.

After a great deal of thought and investigation we are satisfied that the case should be reversed and remanded for the reasons herein above expressed. The costs of the appeal are taxed to appellees. Costs below will await the outcome there.

FELTS, JUSTICE, not participating.