In re DELINQUENT TAXPAYERS, etc. (two cases).

John McCRARY et ux., Appellants,

v.

STATE of Tennessee, etc., Appellees.

John F. SHARBER et al., Appellants,

v.

STATE of Tennessee, etc., Appellees.

E. E. THOMAS et ux., et al., and Susie Shannon, Appellants,

v.

STATE of Tennessee, etc., Appellees.

Supreme Court of Tennessee.

Oct. 20, 1975.

Robert E. Lillard, Nashville, J. B. Annam, Hendersonville, for appellants.

Robert W. Rutherford, Metropolitan Atty., Nashville, for appellees.

## OPINION

COOPER, Justice.

In three cases consolidated for appeal, the appellants insist the Chancery Court of Davidson County erred in setting aside sales of real property conducted in the course of proceedings to collect delinquent taxes assessed against properties owned by John McCrary and wife, John Sharber and wife, and Susie Shannon. The properties involved were sold at three separate tax sales. The McCrary and Sharber properties were purchased at tax sales by appellants, J. B. Annam, R. W. Perkerson, and R. V. Perkerson, Jr., with each purchaser buying a one-third interest in the properties. The Shannon property was purchased by appellant, J. B. Annam. Decrees confirming the sales were entered in each case. Subsequently, and after the passage of several months, the chancellor entered the following decree in each case, the only difference being the date of the sale being set aside:

"It appearing to the Court that the defendant has exercised the Equity of Redemption and paid all delinquent taxes incorporated and consolidated in this suit, it is therefore, ORDERED, ADJUDGED, and DECREED:

1. That the public auction sale held 18 October 1973 be, and the same hereby is, set aside.

2. That the purchaser be refunded his purchase money, and

3. That the balance of the fund, if any, be paid to the defendant upon application."

Still later, in the *Shannon* case, the chancellor held the sale of the Shannon property to be void for lack of service of process on Susie Shannon.

Appellants insisted in the Chancery Court by motion and now in this court on appeal that:

(1) the property owners had not properly exercised their equity of redemption; and

(2) that appellants were entitled to notice before entry of the decrees setting aside the tax sale, and that without notice, the decrees are void.

Appellants also insist with respect to the Shannon property that the chancellor erred in holding the sale to be void for lack of service of process on Susie Shannon.

Appellants insist that appellees did not effectively exercise their right of redemption in that they paid the redemption money to the clerk of the chancery court rather than to the purchaser, citing

T.C.A. 64–813 which provides *inter alia* for payment of redemption money to the clerk of the court "where the purchaser is absent from his usual place of residence, so that the tender to him in person is prevented, or resides out of the county where the land lies . . . ." Appellant reasons from this statute that the debtor must tender the redemption money to the purchaser under all circumstances other than the two set out in T.C.A. 64–813. When faced with a factual situation similar to the cases *sub judice*, this court had the following to say in *Hitt v. Coal Co.*, 124 Tenn. 334, 139 S.W. 693 (1910):

> "The first question arises on the validity of the redemption. We are of opinion that under our redemption statutes . . the party whose land has been sold may pay the redemption money to the clerk of the court in which the land was sold. He may also pay it to the purchaser or any one claiming under him. Of course, if he pay it to the purchaser after he has notice of a transfer by him to another, the redemption would not be a good one. Likewise, if he pay it to one claiming under the purchaser he takes the risk of the claim being valid. He is not bound to decide such a controversy actual or possible. We believe that a true construction, preserving the beneficent right of redemption, is that the debtor may always make certain his redemption by paying the redemption money, in case the land has been sold by the judgment or decree of a court, to the clerk of the court from which the sale was made; in other cases to the clerk of the circuit court."

We are still of the opinion the above construction of the redemption statutes is correct and is the construction most likely to preserve "the beneficient right of redemption." We are of the opinion, however, that where the redeeming party undertakes to exercise his equity of redemption by making payment to the clerk of the court, as did appellees in these cases, notice should be given the purchaser prior to the entry of an order approving the redemption of the property or the issuance of a deed of redemption so that the purchaser will have the opportunity of testing the redemption payment, either as to amount or as to time of payment or on any other meritorious ground. Such notice was not given the purchasers-appellants in these cases; but, as the cases have developed, the lack of opportunity initially to test the redemption payment was not material. The appellants made a general appearance in these cases by filing a motion testing the chancellor's actions on grounds other than jurisdictional and were given a hearing by the chancellor on all issues raised by appellants.

No question having been raised in the chancery court as to the amount paid to redeem the property or to the time of payment, we hold as did the chancellor that the appellees effectively exercised their statutory right of redemption by payment of the requisite amount to the clerk and master in these cases.

█ Though not the basis of a specific assignment of error, the procedure employed by the chancellor to enforce the appellees' right of redemption—that is, the entering of decrees setting aside the tax sales under which appellants held title to the properties—was improper. Decrees of the chancery court are subject to its control and may be amended, modified or vacated *only* if application is made for such action within thirty days from entry of the decree, except in cases coming within the provisions of either rule 60.01 or rule 60.02 of the Tennessee Rules of Civil Procedure. See T.C.A. 27–312; *Kelly v. Walker*, 208 Tenn. 388, 346 S.W.2d 253 (1961); *Citizens' Bank & Trust Co. v. Bayles*, 153 Tenn. 40, 281 S.W. 932 (1925). In the cases *sub judice*, the decrees confirming the tax sales and vesting title to the properties in appellants were entered months before appellees sought to redeem the properties and, consequently, the chancellor had no authority to vacate and set aside the decrees confirming the sales. On concluding that the appellees had properly exercised their right of re-

demption the chancellor should have entered decrees ordering the appellants to convey the properties to appellees or, as an alternative, entered decrees divesting appellants of title and vesting title in appellees so as to remove any possible cloud on the title to the properties resulting from the tax sales and later redemptions. On remand, such decrees will be entered.

The chancellor justified setting aside the decree confirming the tax sales in the *Shannon* case on a second ground—that the record showed that Susie Shannon was never served with process. It is interesting to note Susie Shannon did not raise the question of lack of process until after she had redeemed the property sold at the tax sale, and raised the issue then as a further defense to the action of appellant in challenging the effectiveness of the redemption. Under these circumstances, we see no necessity in determining if Susie Shannon did, in fact, have adequate notice of the tax suit and the tax sale.

The decrees entered in the chancery court setting aside the tax, in turn, are set aside. The cases are remanded for entry of decrees in the chancery court ordering the appellants to convey the properties redeemed to appellees or, as an alternative, entry of a decree divesting appellants of title to the redeemed properties and vesting title in the appellees. Costs incident to the appeal are adjudged against appellants and their surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.