**Ron G. NANCE, Conservator for Thurmond O. Pankey, Respondent/Appellee,**

v.

**Mary F. May PANKEY, Petitioner/Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 30, 1993.

Application for Permission to Appeal Denied by Supreme Court May 9, 1994.

A. Stephen McDaniel, Williams, McDaniel & Wolfe, P.C., and James D. Causey, Memphis, for respondent.

Edwin C. Lenow, Memphis, for petitioner.

TOMLIN, Presiding Judge (Western Section).

Mary Pankey ("petitioner" or "Mary Pankey") filed a petition in the Probate Court of Shelby County against Ron G. Nance ("Nance" or "conservator"), conservator for petitioner's husband, Thurmond Pankey, seeking to have a final consent order set aside by the court. This consent order had been entered a few months earlier in the litigation in the same court involving the guardianship estate of Thurmond Pankey. By this consent order, petitioner was awarded certain assets of her husband's estate in exchange for the relinquishment of all claims she might have against the remainder of the estate. The Honorable Leonard Pierotti denied Mary Pankey's petition to set aside this final consent order. On appeal, petitioner has presented two "issues" which we consolidate to: whether the trial court erred in denying her petition to set aside this consent decree. We find no error and affirm.

Most, if not all, of the underlying facts are not in dispute. The subject of the guardianship, Thurmond Pankey, had two previous marriages before his brief marriage to petitioner, just prior to his death in November, 1991. Jerry Pankey was a son of the second marriage of the ward. He and petitioner became friends sometime in the mid–1980s. She moved into the Pankey residence to care for Jerry, who was suffering from alcoholism. Following his death, petitioner remained in the residence with the ward.

Joan Bolton, a daughter by the ward's first marriage, filed a petition in August 1990 to establish a limited guardianship for her father. Several days later, petitioner and Thurmond Pankey were married in Arkansas. In addition to seeking the appointment of a guardian, Bolton sought to enjoin the present petitioner from encumbering or otherwise creating an indebtedness in her father's estate. She also alleged mismanagement of his assets and overreaching of her father. After a hearing in Probate Court, the trial judge appointed Ron G. Nance as a limited guardian for Thurmond Pankey, and directed Nance to investigate the various issues raised by Ms. Bolton against Mary Pankey. The remaining allegations were reserved for a subsequent hearing.

This subsequent hearing was held on October 4, 1991 when all the parties involved were present with counsel in court to resolve the remaining contested issues. During the course of the proceedings, the parties announced to the court that they were conducting settlement negotiations in an adjoining chamber, seeking to resolve the matters in controversy without a hearing. During the course of the day the parties offered a Consent Order to the court which stated in part as follows:

1. There will be no contest of the validity of the marriage between MARY F. MAY PANKEY and THURMOND O. PANKEY.

2. MARY F. MAY PANKEY shall remain in the premises municipally known as 6214 Heather Drive, Memphis, Tennessee, and shall reside with THURMOND O. PANKEY and shall further see to his care, personal supervision and shall properly look after him and care for him as her husband.

5. The permanent Injunction issued by this Court by Order dated February 18, 1991 which extended a temporary restraining Order previously issued against MARY F. MAY PANKEY is modified as follows:

a. The injunction from selling, transferring or otherwise encumbering the real property known as 6214 Heather Drive is terminated so as to allow MARY F. MAY PANKEY to transfer the real property as limited in paragraph 11 below and further to allow the Limited Guardian to pursue necessary refinancing as provided in paragraph 10.

b. That portion of the Injunction enjoining MARY F. MAY PANKEY from making charges on THURMOND O. PANKEY'S credit cards is terminated, MARY F. MAY PANKEY having assured all parties that all credit cards have been returned to RON G. NANCE, Limited Guardian.

c. That portion of the Injunction enjoining MARY F. MAY PANKEY from

creating further indebtedness for THURMOND O. PANKEY is continued.

6. In the event of the death of THURMOND O. PANKEY, the real property known as 6214 Heather Drive, Memphis, Tennessee shall be sold by the estate of THURMOND O. PANKEY and the proceeds shall be divided with MARY F. MAY PANKEY receiving one-third (⅓) of the net proceeds from the sale of the home ... If the house is sold prior to death then the net proceeds shall be paid into the Limited Guardianship and at the death of THURMOND O. PANKEY MARY MAY PANKEY shall receive ⅓ of the residuary estate after payment of all debts, expenses and taxes.

.  .  .  .  .

8. MARY F. MAY PANKEY waives and renounces her right to exempt property, elective share, year's support and homestead allowance as otherwise might be available to her pursuant to the laws of the State of Tennessee and further waives and renounces any distribution to her pursuant to any Last Will and Testament of THURMOND O. PANKEY; her entitlement from the Estate of THURMOND O. PANKEY being limited to the one-third interest in the net proceeds from the sale of the home.

.  .  .  .  .

This consent order was approved and signed by A. Stephen McDaniel (counsel for the guardianship and for the limited guardian); James D. Causey (counsel for the original petitioners, Joan Bolton and other children of the ward); and Charles E. Rich, (counsel for Mary Pankey). In addition to counsel for all parties being present, Ron G. Nance, Mary Pankey and one or more of the ward's children were present.

After this order was presented to the court, the court heard comments of counsel, reviewed the order, and found it to be acceptable as disposing of all the issues between the parties. Before formally approving same, the court asked one or more questions of Mary Pankey in open court as to whether she consented and agreed to the order. In open court, Mary Pankey stated that she understood the settlement agreement and consented to it.

No further action was taken. In November 1991 Thurmond Pankey died. In January 1992 petitioner filed this petition to set aside the consent order, alleging that her attorney, Charles E. Rich, was not authorized to sign the consent order on her behalf and that the probate court was without authority to enter same. In denying the petition to set aside the consent order, the trial court stated in part as follows:

1. The Consent Order entered into on October 4, 1991, was a valid Agreement by the parties, that MARY F. MAY PANKEY was present in Court on that date and verbally acknowledged to the Court her consent to the Agreement, that MARY F. MAY PANKEY was represented by competent counsel, and that the Agreement was approved by the Court and is binding upon the parties.

2. That the subsequent testimony of MARY F. MAY PANKEY that she did not authorize her attorney, CHARLES E. RICH, to enter into said Consent Order is inconsistent with her actions and statements on October 4, 1991 and the Court rejects her contention that she did not authorize her attorney, CHARLES E. RICH, to enter into said Consent Order.

■ In the case under consideration, some 115 days had elapsed between the time petitioner filed her petition to set aside the consent order and the entry of the consent order by the trial judge. This consent order had become as final as an order could be, and had passed beyond the control of the court. Such an order is conclusive upon the consenting parties, and can neither be amended nor in any way varied without like consent; nor can it be reheard, appealed from or reviewed upon writ of error. After a consent decree has become final it can only be attacked by a suit against the counsel who consented to it or by a bill of review or some original action. *Kelly v. Walker,* 208 Tenn. 388, 346 S.W.2d 253, 255–56 (1961); *see also City of Shelbyville v. State ex rel. Bedford County,* 220 Tenn. 197, 415 S.W.2d 139, 144 (1967).

Mary Pankey also argues that the consent order was void as a matter of public policy because it was a disclaimer of interest under a will that had not yet become operative, and thus was of no effect. This argument is without merit. In this case Mary Pankey was not "disclaiming" any vested right she had under the will, nor was she denied her "elective share." In exchange for settling and disposing of all remaining claims against her, including whether she was really Thurmond Pankey's wife, she voluntarily accepted one-third of Thurmond Pankey's real estate proceeds. This is a non-issue.

The judgment of the trial court is affirmed. Costs in this cause on appeal are taxed to Mary Pankey, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.