IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August, 8, 2001 Session

## BRENDA JANE (THOMPSON) TURNBO v. JOE LARRY TURNBO

**Appeal from the Chancery Court for Wayne County**
**No. 8490     Stella Hargrove, Judge**

---

**No. M2000-02415-COA-R3-CV - Filed October 5, 2001**

---

A divorce judgment rendered June 5, 1992 required the appellant to pay, *inter alia*, the sum of $185,000 to his wife "as a fair and equitable division of the marital property." The appellant elected recalcitrance rather than compliance, and failed to pay. He was found in civil contempt in September 2000 and ordered to be confined until he purged himself of contempt. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM C. KOCH, JR., J., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the appellant, Joe Larry Turnbo.

James Y. Ross, Sr., Waynesboro, Tennessee, for the appellee, Brenda Jane (Thompson) Turnbo.

**OPINION**

**I.**

The Chancery Court for Wayne County rendered a plenary decree on June 5, 1992 awarding Brenda Jane Turnbo a divorce from the appellant after finding that without provocation he violently abused his wife "to a degree this court has rarely seen," and "indulged in conduct and indignities towards [wife] that need not be enumerated. . . ."

Wife was awarded a divorce, custody of a child, monthly alimony, and $185,000 cash to equalize a division of marital assets. The parties owned substantial assets, including 18.85 acres in Florence, Alabama; Turnbo Motor Express, Inc.; and a Piper airplane which were awarded to the appellant. We do not deem it necessary to particularize the division of marital assets other than as recited.

The appellant appealed the judgment. He excoriated the trial judge; the case was remanded for further findings, and the judgment was ultimately affirmed by opinion of this Court filed July 1, 1998.

On May 22, 2000, wife filed a petition alleging that Mr. Turnbo was in contempt of the Chancery Court for failing to pay "any amount of the $185,000 plus statutory interest which has accrued since February 5, 1993."

Mr. Turnbo filed an answer and counter-claim alleging that he and his former wife had "entered into an agreement[1] whereby [he] would pay unto his wife $50,000 thirty days from the hearing which would cover all attorney fees and property division and $25,000 in twelve months." By counter-claim he sought a reduction in monthly alimony.

The petition for contempt was heard on August 31, 2000. The appellant was found to be in civil contempt for failing and refusing to pay the amount ordered which his counsel described as alimony *in solido*, and he was incarcerated until he purged himself of contempt. We consider it appropriate to reproduce some of the Chancellor's findings which were incorporated in a judgment entered September 28, 2000.[2]

5.      That the Plaintiff/Respondent claimed to be without the ability to pay the obligation of One Hundred Eight-five Thousand and 00/100 ($185,000) Dollars, which represents a portion of the Defendant/Petitioner's division of the marital assets of the parties at the divorce proceeding, to the Defendant/Petitioner, but failed to offer any credible proof to support this contention.

6.      That the Plaintiff/Respondent raised basically the same financial problems, previously relied upon during the divorce proceeding, to describe his personal and business financial circumstances, yet the overall size and income of the closely held corporation of the Plaintiff/Respondent, as well as his personal assets and income, has grown enormously in size and income since such divorce proceedings and, therefore, he failed to offer any credible proof to support this contention.

7.      That the Plaintiff/Respondent claimed to have a recent loss in profit due to fuel and tax increases, but failed to offer any credible proof to support this contention.

---

[1] This alleged agreement was not reduced to writing nor was it approved by the court. For manifest reasons we will not further notice it.

[2] The record does not reflect the reason for the inordinate delay in the entry of judgment.

8.    That the Plaintiff/Respondent has hidden, and/or attempted to hide, assets in order to avoid having to pay the obligation owed to the Defendant/Petitioner as previously ordered by the Court, and the Plaintiff/Respondent, based on the reasons set forth hereinabove is not a credible witness.

9.    That the Plaintiff/Respondent willfully and intentionally failed and refused to provide discovery, including production of financial and other records, requested by the Defendant/Petitioner, and ordered by the Court to be produced prior to this hearing date and, by doing so, the Plaintiff/Respondent has created a hardship on the ability of the Defendant/Petitioner to completely determine the assets, income and financial resources of the Plaintiff/Respondent and, further, interfered with the ability of the Court to determine the past and present ability of the Plaintiff/Respondent to comply with the previous orders of the Court.

10.   That the Plaintiff/Respondent had the ability to produce the financial and other records as previously ordered by the Court and, therefore, he is in willful and intentional civil contempt of the Orders of this Court.

11.   That the Plaintiff/Respondent willfully and intentionally failed and refused to pay the sum of One Hundred Eighty-five Thousand ($185,000.00) Dollars, representing a portion of the division of marital assets awarded to the Defendant/Petitioner, as previously ordered by the Court.

12.   That the Plaintiff/Respondent had the ability in the past, as well as presently, to pay the sum of One Hundred Eighty-five Thousand ($185,000.00) Dollars to the Defendant/Petitioner and, therefore, he is in willful and intentional civil contempt of the Orders of this Court.

13.   That the Plaintiff/Petitioner is hereby ordered to pay the sum of One Hundred Eight-five Thousand and 00/100 ($185,000.00) Dollars, plus statutory post-judgment interest of ten (10%) percent and any outstanding attorney fees incurred by the Defendant/Petitioner in relation to this case, to the Defendant/Petitioner, and Judgment is hereby awarded for said amount against the Plaintiff/Respondent in favor of the Defendant/Petitioner.

14.   That the Plaintiff/Respondent is in Civil Contempt of the Orders of this Court, and he shall be incarcerated in the Wayne County Jail until he otherwise purges himself of Contempt by complying with the previous orders of this Court as set forth herein. In other words, the Plaintiff/Respondent holds the keys to the jail in his hand, and may cause himself to be immediately released from custody by complying with the previous Orders of the Court as aforesaid.

These findings are supported by the great weight of the evidence.

On September 1, 2000 [the day after the hearing on the petition for contempt which resulted in Mr. Turnbo's confinement] the case was again before the court "upon the agreements and stipulations of the parties."

The Order entered[3] recites that the parties have "entered into a resolution of the issues at the present time" and provides that Mr. Turnbo "be granted a furlough from the Wayne County jail for September 5, 2000 until 5:00 p.m." This order, which was approved by counsel, provided that the incarceration of Mr. Turnbo shall be suspended provided he makes payment of $100,000 to the plaintiff before the close of business September 5, 2000, and pays his wife's attorney fees. The order further provides that Mr. Turnbo will pay his former wife $5,000 per year for 10 years and will continue to pay alimony as ordered until his former wife reaches the age of 66.

The order next provides "[f]ailure to make said payments will result in the ruling of the Court announced August 31, 2000 less any payments made. Reinstatement will not result in incarceration without further proceedings."

For reasons not explicated in the Order, or the record, wife agreed to accept $150,000 in settlement of the amount of about $350,000 owing to her; even so, having accomplished this feat, Mr. Turnbo's recalcitrance remained uppermost and he, apparently, did not pay the reduced amount. In lieu, he appealed to the Court of Chancery Appeals[4] the September 28, 2000 Judgment and the September 8, 2000 Order.[5] Since the latter Order provides, in effect, that it has no efficacy if its terms are not complied with, we will treat it as nonefficacious and focus on the September 28, 2000 judgment.

**II.**

The appellant presents for review the issues of whether the "court erred in finding the alimony *in solido* obligation of the appellant proper grounds for incarceration" and that he had the ability to purge himself of contempt. He argues that Article I, Section 18 of the Tennessee Constitution "says there shall be no imprisonment for a civil debt." The obligation of the appellant is a civil one ordered to be paid by a court following a judicial process, and the court has the power to enforce its decrees provided the evidence is clear that the appellant has the ability to pay. *See, Mackey v. Cumerloto*, 12 TAM 36-15 (Tenn. Ct. App. 1987). The trial judge found in no uncertain terms that the appellant had the ability to comply, but refused to do so. The record reflects that his refusal is contumacious and cannot be tolerated. In 1991 the appellant's business generated a net profit in excess of $400,000: in 1998 the business, a trucking company, owned 46 Freightliner

---

[3] Although signed by the Chancellor on September 1, 2000 it was not entered until September 8, 2000.

[4] A *de minimis* error, somewhat revelatory.

[5] An Agreed Order cannot be appealed. *Kelly v. Walker*, 208 Tenn. 388 (1961).

trucks, had 45 employees and grossed in excess of $4,600,000. In addition, the appellant owns valuable real estate in Tennessee and Alabama, various personal vehicles and other personalty and, with his present wife, enjoys a substantial income from Turbo Motor Express.

Appellate review is *de novo* on the record with a presumption of correctness unless the evidence preponderates against the judgment. Rule 13(d) T.R.A.P. We find that the evidence does not preponderate against the judgment finding the appellant in willful civil contempt and ordering him to be incarcerated, and that he has the present ability to purge himself of contempt.

The judgment is affirmed and the case is remanded to the Chancery Court for Wayne County for such further proceedings as the Chancellor deems necessary, including the award of attorney fees on appeal. The costs are assessed to appellant and the sureties of his bond for which execution may issue if necessary.

_____
WILLIAM H. INMAN, SENIOR JUDGE