FILED
04/27/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 18, 2018 Session

## KARESA RIVERA ET AL. v. WESTGATE RESORTS, LTD., L.P. ET AL.

**Appeal from the Chancery Court for Sevier County**
No. 15-1-002      Telford E. Forgety, Jr., Chancellor

_____

## No. E2017-01113-COA-R3-CV

_____

The plaintiffs accepted an offer of judgment from the defendant company, which included payment of the plaintiffs' reasonable attorney's fees and expenses in an amount to be determined by the trial court. The trial court awarded attorney's fees and expenses to the plaintiffs in the amount of $56,423.24, expressly determining such amount to be reasonable. The defendant company has appealed. Inasmuch as the trial court failed to consider the factors listed in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5 ("RPC 1.5") when making its determination regarding a reasonable award of attorney's fees, we vacate the trial court's fee award and remand this matter for further proceedings concerning this issue. We accordingly decline to award fees to the plaintiffs on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Gregory C. Logue and Robert L. Vance, Knoxville, Tennessee, for the appellant, Westgate Resorts, Ltd., L.P.

John O. Belcher, Nashville, Tennessee, and Richard T. Wallace, Sevierville, Tennessee, for the appellees, Karesa Rivera and Gabriel Rivera.

## OPINION

### I. Factual and Procedural Background

On January 5, 2015, the plaintiffs, Karesa and Gabriel Rivera, filed a complaint in the Sevier County Chancery Court against Westgate Resorts, Ltd., L.P., a/k/a Westgate

Resorts, Ltd. ("Westgate"); Stephen A. Wilson; James Z. Brown; and Michael W. Lewis (collectively, "Defendants"). In this complaint, the Riveras stated that in May 2014, they traveled to Pigeon Forge, Tennessee, for a family vacation, where they were approached by an employee of Westgate. According to the Riveras, this employee asked the Riveras to attend a time-share sales presentation in exchange for receiving free breakfast and show tickets. The Riveras attended the time-share sales presentation on May 29, 2014, and were solicited to purchase a time-share interest at the Westgate Resort in Gatlinburg.

The Riveras claimed that Mr. Wilson, Mr. Brown, and Mr. Lewis talked with the Riveras during the time-share sales presentation and made various representations and promises regarding the purchase of a time-share interest, including that Westgate would "buy [the time-share interest] back" if the Riveras were not satisfied with their purchase. Although the Riveras did eventually agree to purchase a time-share interest, they later asserted that they were pressured to sign documents that they were not given sufficient opportunity to review and did not understand. According to the Riveras, within two to three weeks following their execution of the purchase agreement for a time-share interest, they began to contact Westgate to ascertain whether Westgate would "buy it back." The Riveras stated that following repeated refusals by Westgate to relieve the Riveras of their obligations, the Riveras consulted with counsel and filed the instant action.

The Riveras averred that Defendants violated the Tennessee Time-Share Act, violated the Tennessee Consumer Protection Act, and made negligent and fraudulent misrepresentations. The Riveras sought to rescind the contract and have their purchase money refunded. The Riveras also sought damages, including treble and punitive damages, as well as attorney's fees.

The record reflects that on October 12, 2016, the Riveras filed a notice of acceptance of Westgate's offer of judgment, dated October 11, 2016. The parties agreed that the Riveras would be allowed to rescind the contract and that all obligations between the parties would be cancelled. The parties further agreed that all claims would be released and that Westgate would pay to the Riveras (1) their purchase funds of $3,587.20; (2) additional damages of $8,000.00; and (3) an award of "reasonable attorneys' fees and expenses in an amount to be set by the Court." In addition, the Riveras' claims against the other defendants would be dismissed with prejudice. Westgate's offer of judgment was attached as an exhibit. The Riveras affirmed that they had accepted the offer of judgment. They asked the trial court to determine the amount of attorney's fees and expenses and enter judgment accordingly.

The Riveras subsequently submitted a motion requesting that the trial court set the amount of attorney's fees, with an attached affidavit from their counsel. The Riveras sought attorney's fees and expenses in the amount of $56,423.24. Westgate filed a

response in opposition to the Riveras' motion regarding attorney's fees, asserting that the amount sought was unreasonable. Westgate argued that the court should consider the factors listed in Tennessee Supreme Court Rule 8, RPC 1.5 when making its determination regarding a reasonable award of attorney's fees.

Westgate further claimed that an offer to rescind the purchase agreement and refund the monies paid by the Riveras had been extended to the Riveras by Westgate on January 21, 2015, approximately two weeks following the filing of the Riveras' complaint. According to Westgate, it made another written offer of settlement on April 15, 2016, which included rescission, a full refund, and compensation for "reasonable" damages and attorney's fees. The Riveras failed to accept either of these previous offers, and litigation continued. Westgate contended that the vast majority of fees and expenses were incurred after these offers were made. Westgate attached an affidavit executed by defense counsel, detailing the terms of the prior offers of settlement.

The Riveras filed a reply to Westgate's opposing response, stating that the prior offers made by Westgate contained no offer of damages beyond refund of the purchase monies and reasonable attorney's fees, despite the Riveras' claim for punitive and treble damages. The Riveras reiterated that the fee award they were seeking was reasonable.

The trial court entered a final order on May 10, 2017, stating in pertinent part:

> On March 3, 2017, this Court held a hearing on Plaintiffs' Motion to Set Amount of Attorney's Fees and Expenses (the "Motion") to determine a reasonable amount of attorneys' fees and expenses to be awarded to Plaintiffs.
>
> Having considered the Offer of Judgment and the Notice of Acceptance thereof; the Motion; Defendants' Response thereto; the Plaintiffs' Reply; all materials filed in support of and in response to the Motion; the oral argument of counsel on the issue of the award of attorneys' fees and expenses; and the record as a whole, the Court finds that the Motion should be granted, that the Plaintiffs should receive an award of reasonable attorneys' fees in the amount of $51,866.75 and expenses in the amount of $4,556.49, for a total award of fees and expenses in the amount of $56,423.24, and that judgment should be entered pursuant to Tenn. R. Civ. P. 68.

Pursuant to the terms of the offer of judgment, the trial court also dismissed the Riveras' claims against Mr. Wilson, Mr. Brown, and Mr. Lewis with prejudice. Westgate, as the sole remaining defendant, timely appealed.

## II. Issues Presented

Westgate has presented three issues on appeal, which we have restated slightly:

1.  Whether the trial court erred by failing to apply the factors set forth in Tennessee Supreme Court Rule 8, RPC 1.5 when setting the reasonable amount of attorney's fees to be awarded to the Riveras.

2.  Whether the trial court erred by setting an award of attorney's fees and expenses that is unreasonable pursuant to the factors listed in RPC 1.5.

3.  Whether the trial court erred by declining to limit the amount of recovery to the terms of Westgate's reasonable offer of settlement pursuant to Tennessee Code Annotated § 47-18-109(c)(4).

The Riveras present the following additional issue, which we have also restated slightly:

4.  Whether the Riveras are entitled to an award of reasonable attorney's fees and expenses incurred on appeal.

## III. Standard of Review

As our Supreme Court has previously explained with regard to an award of attorney's fees by the trial court:

> The trial court's determination of a reasonable attorney's fee is "a subjective judgment based on evidence and the experience of the trier of facts," *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 137 (Tenn. 1986), and Tennessee has "no fixed mathematical rule" for determining what a reasonable fee is. *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002). Accordingly, a determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. *Kline v. Eyrich*, 69 S.W.3d 197, 203 (Tenn. 2002); *Shamblin v. Sylvester*, 304 S.W.3d 320, 331 (Tenn. Ct. App. 2009). We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010); *Keisling v. Keisling*, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005). The abuse of discretion standard does not allow the

4

appellate court to substitute its judgment for that of the trial court, *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998), and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

*Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

## IV. Propriety of the Trial Court's Fee Award

Westgate asserts that the trial court erred by failing to apply the factors listed in Tennessee Supreme Court Rule 8, RPC 1.5 when making its determination regarding the amount of a reasonable attorney's fee award. Westgate further asserts that if the factors were properly considered, the amount awarded would be deemed unreasonable.

The Riveras contend that the offer of judgment they accepted was conclusive, pursuant to Tennessee Rule of Civil Procedure 68, and that no right of appeal lies therefrom unless specifically preserved in the offer. Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property, or to the effect specified in the offer, with costs then accrued. Likewise a party prosecuting a claim may serve upon the adverse party an offer to allow judgment to be taken against that adverse party for the money or property or to the effect specified in the offer with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereof, with the court and thereupon judgment shall be rendered accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

As this Court has previously elucidated regarding a Rule 68 offer of judgment:

Rule 68 judgments are akin to consent orders, which are "conclusive upon the consenting parties, and can neither be amended nor in any way varied without like consent; nor can it be reheard, appealed from or reviewed upon writ of error." *Nance v. Pankey*, 880 S.W.2d 944, 946 (Tenn. Ct. App. 1993). However, a party may appeal from a consent order upon a claim of lack of actual consent, fraud in its procurement, mistake, or lack of the court's jurisdiction to enter the judgment. *Swift & Co. v. United States*, 276 U.S. 311, 323-24, 48 S.Ct. 311, 72 L.Ed. 587 (1928). "A judgment by consent is in substance a contract of record made by the parties and approved by the court." 49 C.J.S Judgments § 227. The cardinal rule of contract interpretation is that the court "must attempt to ascertain and give effect to the intent of the parties." *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005). In attempting to ascertain the intent of the parties, the court must examine the language of the contract, giving each word its usual, natural, and ordinary meaning. *See Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). The "court's initial task in construing a contract is to determine whether the language of the contract is ambiguous." *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002). Where the language of a contract is clear and unambiguous, its literal meaning controls the outcome of the dispute. *Id*. at 890.

*Jackson v. Purdy Bros. Trucking Co., Inc.*, No. E2011-00119-COA-R3-CV, 2011 WL 4824198, at *3 (Tenn. Ct. App. Oct. 12, 2011).

In the case at bar, the offer of judgment accepted by the Riveras provided that they would receive an award of "reasonable attorneys' fees and expenses in an amount to be set by the Court." This language expressly requires the trial court to determine a "reasonable" amount of attorney's fees and expenses to be awarded. Such determination regarding the reasonableness of the amount awarded would inherently require the court to consider the factors listed in Tennessee Supreme Court Rule 8, RPC 1.5. *See First Peoples Bank of Tenn. v. Hill*, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010) (determining that a fee award made pursuant to a contractual provision must be reasonable and must take into consideration the appropriate factors). Therefore, if the trial court failed to properly consider those factors, thereby potentially setting an unreasonable fee, Westgate should clearly have the ability to appeal that decision because an unreasonable award would be in violation of the parties' contractual agreement.

Concerning the reasonableness of a fee award, Tennessee Supreme Court Rule 8, RPC 1.5 states in pertinent part:

(a)    A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)    the fee customarily charged in the locality for similar legal services;

(4)    the amount involved and the results obtained;

(5)    the time limitations imposed by the client or by the circumstances;

(6)    the nature and length of the professional relationship with the client;

(7)    the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8)    whether the fee is fixed or contingent;

(9)    prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10)    whether the fee agreement is in writing.

The trial court's final judgment does not expressly discuss or analyze the above-listed factors. Moreover, in the trial court's memorandum opinion attached to and incorporated into the final judgment, the court also failed to analyze or discuss the above factors.

Westgate maintains that this Court has previously vacated an award of attorney's fees when the trial court failed to consider the RPC 1.5 factors. For example, in *Southwind Prop. Assoc., Inc. v. Ford*, No. W2016-01169-COA-R3-CV, 2017 WL 991108, at *13 (Tenn. Ct. App. Mar. 14, 2017), this Court recently stated:

> From our review, the trial court's ruling makes no mention of many of the factors outlined under Rule 1.5. While the trial court's order states that the trial court "is aware" of the "amount involved" in this case, the trial court provides no specific explanation for the large attorney's fee award relative to the small recovery by the Association in this case. Tenn. Sup. Ct. R. 8, RPC 1.5(4). Additionally, although the invoices contained in the record on appeal reflect charges up to $300.00 per hour, the trial court made no finding as to "the fee customarily charged in the locality for similar legal services[.]" Tenn. Sup. Ct. R. 8, RPC 1.5(3). Most importantly, neither the trial court's oral ruling, nor its written order, contains any finding that the award is reasonable under the circumstances. As we have explained:
>
> > When the trial court has exercised its discretion in light of the appropriate factors and found the fee to be reasonable, we simply review for abuse of discretion. . . . Where, however, there is no finding that the fee is reasonable, and no way to ascertain whether the court made the award in light of the appropriate factors, there is no way for us to accord the normal deference to the trial court.
>
> *First Peoples Bank* [*v. Hill*], 340 S.W.3d [398,] 410 [(Tenn. Ct. App. 2010)]. Where this Court is unable to discern whether the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award and "remand [the] case to the trial court for a new determination of an attorney's fee award under [Supreme Court Rule 8, RPC 1.8] and the applicable case law." *Ferguson Harbour Inc. v. Flash Market, Inc.*, 124 S.W.3d 541, 553 (Tenn. Ct. App. 2003). Because the trial court's oral and written rulings provide this Court with no illumination as to whether it considered the reasonableness of the requested fee in light of the factors outlined in Rule 1.5, we must likewise vacate and remand this case with instructions to consider the reasonableness of the fee awarded under the circumstances of this case and the applicable factors.

*See also First Peoples Bank of Tenn.*, 340 S.W.3d at 410 ("[W]e will vacate the award of attorney's fees and, rather than try to make a determination in the first instance, remand to the trial court for determination of a reasonable fee.").

Similarly, in the case at bar, the trial court failed to properly consider the RPC 1.5 factors when making its determination regarding a "reasonable" award of attorney's fees. As such, the issue of a reasonable award of attorney's fees and expenses must be remanded to the trial court for determination pursuant to the applicable factors. *See Southwind*, 2017 WL 991108, at *13 (holding that where this Court is "unable to discern whether the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award" and remand the issue to the trial court for determination).

## V. Consideration of Prior Settlement Offers

Westgate posits that because it communicated prior settlement offers to the Riveras that were not accepted and because one of those prior offers included attorney's fees and other damages aimed at "making the Riveras whole," any attorney's fees incurred by the Riveras following that offer should not be awarded. Westgate bases this argument on the language of Tennessee Code Annotated § 47-18-109(c)(4), a provision contained within the Tennessee Consumer Protection Act, which states:

> In any private action commenced under this section, the court may, upon the introduction of proof that the person against whom the action is filed has made a written, reasonable offer of settlement which has been communicated to the affected party, limit the amount of recovery to the terms of the offer of settlement.

We recognize that this statutory subsection has been utilized in other cases to limit the amount of fees awarded following transmittal of a reasonable, written settlement offer that was not accepted. *See Scott v. Noland Co.*, No. 03A01-9502-CV-00072, 1995 WL 440375, at *6 (Tenn. Ct. App. July 26, 1995).

In the case at bar, however, the trial court addressed Westgate's argument regarding the prior settlement offers at great length in its memorandum opinion, wherein the court ultimately determined that the prior settlement offer that included attorney's fees was not for a discrete amount and did not specifically address the Riveras' claims for treble or punitive damage claims. The settlement offer communicated in April 2016 stated in pertinent part:

With depositions on the horizon, I wanted to recommunicate Westgate's offer to rescind the contract between Plaintiffs and Westgate, as well as Westgate's willingness to make Plaintiffs whole for their alleged losses resulting from the transaction, including reasonable attorneys' fees. I would like to point out that Westgate's initial offer to rescind the contract was communicated to Plaintiffs on June 21, 2015, just 16 days after Plaintiffs filed their Complaint, which was Westgate's first notice that Plaintiffs even wanted to rescind. In response to Westgate's offer to rescind, on February 16, 2015, Plaintiffs demanded a payment of $90,000 from Westgate. This demand did not include even an allegation that Plaintiffs had actually sustained $90,000 in damages, much less support for such a claim.

Since Plaintiffs' demand of $90,000, Plaintiffs have confirmed in written discovery that their total alleged compensatory damages are $3,974.80. Westgate is willing to reimburse Plaintiffs this amount. If Plaintiffs claim they have suffered additional compensatory damages, please let me know those amounts, and to the extent they are reasonable, Westgate will also agree to pay those amounts. In addition, Plaintiffs objected to Westgate's request that they disclose the amount of attorneys' fees they have paid. Please provide those, and to the extent they are reasonable, Westgate will also agree to reimburse Plaintiffs for those fees.

As the trial court explained in its memorandum opinion:

I don't think what we had at that time constituted a concrete offer of settlement. It wasn't a concrete—it wasn't an offer of settlement that could have been accepted. Let's say as to the ultimate offer of judgment . . . it was concrete in terms of dollar amounts. It was concrete, and it was accepted when it became concrete in terms of dollar amount. It didn't get that way until October 11, 2016.

Moreover, the Riveras contend that the offer they accepted was the only offer that contained any specific amount of additional damages over and above a simple refund of their purchase monies. Upon our review of the prior settlement offers, we agree. To the extent that the Riveras sought payment of more than compensatory damages, the October 11, 2016 offer of judgment was the first offer to pay such damages. We further agree with the trial court that the prior offer made in April 2016 was not sufficiently definite to be accepted without further negotiation. In addition, the Riveras' claims also implicated the Tennessee Time-Share Act and alleged negligent and fraudulent misrepresentations by Westgate, and thus the claims were not solely based in the Consumer Protection Act.

We therefore affirm the trial court's determination that attorney's fees should not be limited to the amount incurred prior to the previous settlement offer pursuant to Tennessee Code Annotated § 47-18-109(c)(4).

## VI. Attorney's Fees on Appeal

The Riveras seek an award of attorney's fees on appeal pursuant to the Tennessee Consumer Protection Act and the Tennessee Time-Share Act. Inasmuch as Westgate has prevailed with regard to an issue on appeal, however, we determine that an award of attorney's fees on appeal to the Riveras is not warranted.

## VII. Conclusion

For the foregoing reasons, we vacate the trial court's award of attorney's fees and expenses and remand this issue to the trial court for further proceedings consistent with this opinion. We decline to award the Riveras additional attorney's fees incurred on appeal. Costs on appeal are assessed one-half to the Riveras and one-half to Westgate.

_____
THOMAS R. FRIERSON, II, JUDGE