LINNIE SMELCER and LINNIE SMELCER b/n/f
Lucy Kate Smelcer

*v.*

ROBERT (BOBBY) BROYLES

465 S.W.2d 355.

(*Knoxville,* September Term, 1970.)

Opinion filed March 1, 1971.

Petition for Rehearing Denied April 5, 1971.

BEN K. WEXLER, KYLE K. KING, Greeneville, for appellant.

JOHN A. ARMSTRONG, Greeneville, for appellee.

MR. JUSTICE MCCANLESS delivered the opinion of the Court.

This suit involves the validity of orders of the Juvenile Court in a proceeding under Chapter 2 of Title 36, Tennessee Code Annotated, enacted originally as Chapter 186 of the Public Acts of 1955. The record shows that the parties introduced no evidence in the proceeding and that the orders were entered by consent and on motions based entirely on the record.

The petitioner by her petition filed July 6, 1967, alleged that she, an unmarried woman, had become the

mother of a child of which the defendant was the father and she prayed that he be required to furnish education and support for the child. On July 28, 1967, an order was entered by agreement by which it was adjudged that the defendant should pay petitioner $40.00 a month for the support of the child until such time as the child should reach the age of eighteen years or be sooner emancipated and the petitioner's attorney $100.00. The defendant personally, by his own signature, approved the order.

By a pleading filed on December 4, 1969, the petitioner averred that the defendant had made none of the monthly payments and was in arrears in the amount of $400.00, and prayed that process issue for the defendant compelling him to appear before the court on December 12, 1969, and be required to pay the petitioner the amount in arrears and give bond for the making of future payments. On February 27, 1970, on motion of the defendant, all the parties being present, the court declared the order of July 28, 1967, *coram non judice* and void because the defendant had not been adjudged to be the father of the child. The order bears date of March 2, 1970.

The petitioner appealed to the Court of Appeals who transferred the case to this Court. The Court of Appeals properly transferred the appeal. The orders were by agreement and on motion upon consideration of the record. The case was "finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated." Section 16-408, T.C.A. The provision of Section 36-235, T.C.A., that appeals in proceedings of this nature shall be to the Court of Ap-

peals must be read along with Section 16-408, T.C.A., and the appeals in such cases must be to the Supreme Court when the judgments of the Juvenile Court are entered by consent of the parties and without the introduction of evidence.

■ We have here a consent order—one which, under the holding of our Court, can be impeached only for fraud in its procurement and the defendant does not so much as suggest that he was imposed upon in the procurement of the judgment. In *Boyce v. Stamtion,* 83 Tenn. 346, this Court said of consent decrees:

> "The record imports absolute verity, and the parties may not contradict its recitals. It recites that certain parties appeared and admitted certain facts, and therefore, by agreement of parties, certain things are decreed; that is, the parties described make an agreement in open court, not only as to what the facts are, but also what are the legal consequences. It is a written judicial contract, duly acknowledged and executed, and conclusive upon the parties. It may be impeached and rescinded for fraud in its procurement; but otherwise it must stand. The parties may not appeal from it, or otherwise correct its error. They may not recede from it, or withdraw their consent to it. Of course protest and exception avail them nothing (*Dillard v. Harris,* 2 Tenn.Ch., 196), except as mere notice of the dissatisfaction of the parties so protesting and excepting."

■ The defendant insists that since the court did not adjudge that he was the father of the petitioner's child

the court was without jurisdiction to enter its order requiring him to provide monthly support for the child. We cannot agree with this contention. In *Steele v. Register,* a bastardy case, decided in 1816, and reported in 4 Tenn. 37, the Court said:

"On the 25th of October, 1814, the County Court ordered a *capias* upon a former warrant not returned. This *capias* was executed and returned to the same court at the same term at which he entered into bond to indemnify the county against a bastard child. The Court gave judgment against him for the fine. At the same term, a motion was made for an allowance. It was continued on the defendant's affidavit to February term, 1815; then continued again to April, 1815. Both appeared then, and, on motion, an order is made for three and a half years' maintenance, including the lying-in expenses; and execution was ordered to issue. The defendant appealed to the Circuit Court; that court reversed the judgment and there was an appeal to this court. The defendant was compelled to enter into bond to indemnify the county, and to pay the fine. This shows that he was adjudged to be the father by those whom the law appoints. And besides, he is *ipso facto* so by the oath of the woman; the law adjudges him so."

By agreeing to the order of July 28, 1967, the defendant by inference admitted he was the father of the child. We are of opinion that the court had jurisdiction to enter the order and, therefore, it was not *coram non judice.* We hold that the order of July 28, 1967, was

valid but that the order of March 2, 1970, was erroneous and void and we remand the case to the Juvenile Court for the enforcement of the order of July 28, 1967. We adjudge the costs of the appeal against the defendant.

DYER, CHIEF JUSTICE, CHATTIN, and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.