Wanda June BRINGHURST, Claimant Against the Estate of Charles Franklin Bringhurst, Deceased, Appellant,

v.

Blanchard S. TUAL, Executor of the Estate of Charles Franklin Bringhurst, Deceased, Appellee.

Court of Appeals of Tennessee, Western Section.

March 5, 1980.

Application for Permission to Appeal Denied by Supreme Court May 5, 1980.

Hal Gerber, Memphis, for appellant.

Blanchard E. Tual, Memphis, for appellee.

NEARN, Judge.

Wanda June Bringhurst filed a claim in the Probate Court of Shelby County against the estate of her former husband, Charles Franklin Bringhurst for *in futuro* alimony in the amount of $700.00 per month until the claimant's death or remarriage. The Probate Judge denied the claim and the claimant has appealed to this Court.

The issue on appeal is whether the alimony obligation of Charles Franklin Bringhurst ceased upon his death or continues as a charge against his estate.

■ The general rule in this state is that monthly payments of alimony provided for in a decree are abated or terminated upon the death of the husband in the absence of some stipulation in the order which would require payments after death. *Smith v. Phelps* (1966) 218 Tenn. 369, 403 S.W.2d 747; *Brandon v. Brandon* (1940) 175 Tenn. 463, 135 S.W.2d 929; *In re Estate of Kerby* (1961 M.S.) 49 Tenn.App. 329, 354 S.W.2d 814; *In re Moore's Estate* (1949 W.S.) 34 Tenn.App. 131, 234 S.W.2d 847.

■ A husband may bind his estate by agreement for alimony payments after his death. *Smith v. Phelps*, supra. See also 27A C.J.S. *Divorce* § 240(b) (1959). A court, by its decree rendered in a divorce, may bind the husband's estate after his death. Section 36–820 T.C.A. "fixes no limitation upon the duration of the obligation which the court is authorized to impose upon the father or his property." *In re Moore's Estate*, 234 S.W.2d at 855.

■ By the use of appropriate terms in a decree (or for that matter a contractual agreement) the termination of the alimony upon the death of the husband may be prevented. In some jurisdictions it has been held that where the instrument which binds the parties requires the husband to pay alimony "during her life" or "until her

death" or "until her death or remarriage", this language is sufficient to create a binding obligation on the estate of the husband because *his* death is not one of the required eventualities for the cessation of the payments or obligation. See *Smith v. Phelps*, supra; 24 Am.Jur.2d *Divorce and Separation* § 911 (1966).

With these principles to guide us as we examine the facts, such as we have,[1] of the case at hand.

On November 2, 1959, Wanda June Bringhurst was awarded a divorce from Charles Franklin Bringhurst. In that decree the Circuit Court of Shelby County found that the property settlement agreement entered into between the parties was a "fair and reasonable disposition of those matters" and ordered that the agreement be made a part of the decree. Insofar as the present issue is concerned, the pertinent part of that decree provided:

"4. The Husband shall pay the Wife as alimony Three Hundred Fifty ($350.00) Dollars upon the date hereof and a like amount on the first day of each succeeding month thereafter until her death or remarriage."

On October 1, 1970, the parties entered into an "Amended Property Settlement Agreement" which provides:

"WHEREAS, it is now the intention of the parties to amend the aforementioned Agreement to the extent that paragraph 4 thereof shall read as follows:

"The Husband shall pay the Wife as alimony Seven Hundred Dollars ($700) per month, effective January 1, 1971, and a like amount on the first day of each succeeding month thereafter until her death or remarriage."

On October 19, 1970, a consent order signed by the parties themselves was entered in the Circuit Court divorce case and provided:

---

1. The matter is before this Court for determination on a question of law only on the pleadings and a stipulation of facts.

"It appearing to the Court that the parties hereto have by consent agreed to modify the Final Decree of Divorce as entered in this cause on November 2, 1959; that the defendant, Charles Franklin Bringhurst, commencing January 1, 1971, is to increase the monthly alimony payments to the complainant from $350 to $700 per month and for which he is to be relieved of the payment of $150 per month as child support for their two minor children."

The problem is now readily perceivable. The first agreement, which was incorporated in the decree of divorce, contained words that could evince an intention for the alimony payments to survive the death of the husband because the expressed limitations are only those of "her death or remarriage". The terms of the Amended Property Settlement Agreement submitted to the Court also contained such language. However, the consent order signed by the Court and modifying the first decree contained no such roomy or expansive words.

The ultimate question then is: Which shall be considered by this Court for interpretation: the first decree incorporating the initial agreement or the second agreement entered into between the parties or the second order entered by the Court?

We hold that under the stipulated facts of this case we may consider only the second order of the Court which modified its former decree.

■■■ This conclusion is reached for several reasons. First among them is that the only things we have before us in our attempt to construe the intentions of the parties are the aforementioned documents and decree. In effect the claimant has asked the Probate Court and this Court to alter the second decree by adding to the terms thereof on a supposition that the parties intended that the alimony payments were to survive the death of the husband. While it is true that agreement of October 1, 1970,

which was submitted to the Court contained verbiage that would support such a supposition, the decree did not. We would again point out that both the agreement tendered to the Court dated October 1, 1970, and the second decree of the Court dated October 19, 1970, contain the signatures of the parties. What transpired between the parties from October 1 to October 19, we have no way of knowing. The second agreement and the second decree are not signed by the counsel but are signed by the parties. In fact the second agreement and second decree do not at any place thereon bear the name of any lawyer. Insofar as this record is concerned, the parties could have been unrepresented at that time for both counsel now of record state that they did not represent the parties at the times in question. The ordinary rule in contractual matters is that the last agreement as to the same subject matter which is signed by all parties supercedes all former agreements and the last contract is the one which embodies the true agreement. *American Fruit Growers v. Hawkinson* (1937 M.S.) 21 Tenn.App. 127, 106 S.W.2d 564, 568. The consent decree is the last instrument signed.[2] We have a consent decree signed by the parties which is about the most binding of agreements that can be made. *Smelcer v. Broyles* (1971) 225 Tenn. 187, 465 S.W.2d 355, 356; *Boyce v. Stanton* (1885) 83 Tenn. 346, 375–76. This is based on the maxim of *volenti non fit injuria. Lane v. Sumner County* (1957) 201 Tenn. 229, 298 S.W.2d 708, 709. A decree and especially a consent decree may not be set aside or altered unless entered through fraud or mistake. *Corby v. Matthews* (1976 Tenn.) 541 S.W.2d 789, 793. Absent some proof of fraud or mistake in a proceeding to alter a consent decree previously made, the consent decree as made will stand. T.R.C.P. Rule 60; *City of Shelbyville v. State ex rel. Bedford County* (1967) 220 Tenn. 197, 415 S.W.2d 139, 144. The present proceeding is neither one to alter a previous decree nor one in which fraud or mistake has been shown. Actually, in order

---

**2.** Since we deal here with a consent decree we do not consider whether the continuance of alimony payments after the death of the payor is contractual in nature and does not merge into the decree of the court. See *Blackburn v. Blackburn* (1975 Tenn.) 526 S.W.2d 463, 465; *Penland v. Penland* (1975 Tenn.) 521 S.W.2d 222.

for claimant to prevail she must collaterally attack the ultimate consent decree of the Circuit Court. She may not do so. See *Fransioli v. Podesta* (1940) 175 Tenn. 340, 134 S.W.2d 162, 165. We hold that where a conflict arises between the terms of an agreement submitted to a Court for its approval and the decree of the Court based upon that submission, the decree will prevail absent a showing of fraud or mistake. Accordingly the modification consent decree will prevail. We find no provision in that decree which would warrant a charge against the estate of Charles Franklin Bringhurst for the continuance of alimony payments to the claimant subsequent to Mr. Bringhurst's death.

The result is that the judgment of the Probate Court denying the claim of Wanda June Bringhurst is affirmed.

Costs of appeal are adjudged against appellant and surety.

MATHERNE and SUMMERS, JJ., concur.