# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### On Brief September 14, 2005

## IN RE: ESTATE OF RICHARD L. LEATH,, ET AL. v. DAVID LEATH

**A Direct Appeal from the Chancery Court for Fayette County**
**No. P-3-102     The Honorable Dewey C. Whitenton, Chancellor**

---

### No. W2005-00195-COA-R3-CV - Filed December 8, 2005

---

This case concerns the payment of income taxes, including penalties and interest, incurred by an estate. The trial court held that the taxes and interest due were to be prorated among the various heirs, devisees and distributees in proportion to the amount of the distribution that each party received. The trial court further held that all penalties on the taxes were to be paid by David Leath, executor of the Estate of Richard L. Leath, individually. Lastly, the trial court ordered that the court costs were to be paid one-half by the executor and one-half by the other heirs and distributees. The parties appeal. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Reversed in Part; and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Larry E. Parrish of Memphis, Tennessee for Appellant, David Leath, Individually and as Executor of Estate of Richard Leath

John S. Wilder, Sr., and Lee S. Saunders of Somerville, Tennessee for Appellees, Michael Tapp, Bryant Tapp, Raymond Tapp, Richard Leath and Sarah Jane Leath

**OPINION**

Richard L. Leath ("Testator") died December 25, 1996. His Last Will and Testament was admitted to probate by order of January 2, 1997.[1] Pursuant to the will, the Testator's son, David K. Leath ("Executor/Appellant"), was appointed executor. The will reads, in pertinent part, as follows:

> FIRST: I desire and direct that all of my just debts, funeral expenses, and the cost of administering my estate, be first paid by my Executor out of any funds coming into his hands as such Executor.
>
>             \*      \*      \*
>
> FIFTH:....
> (a) I hereby will devise and bequeath to my daughter, Peggy Leath Tapp, the sum of One dollar.
> (b) After the payment of debts, funeral expenses, and the costs of administering my estate, if there is any money left in my estate; I hereby will, devise and bequeath the same to my grandchildren, namely; Sarah Jane Leath, David Richard Leath, Raymond Tapp, Michael Tapp, and Bryan Tapp, in equal shares, one-fifth to each of them, share and share alike.
> (c) All of the rest and residue of my estate, of every kind, I hereby will, devise and bequeath to my son, David K. Leath, in fee simple absolutely.
> (d) I hereby nominate and appoint my said son, David K. Leath, Executor [], and I direct that he [be] allowed to serve as such Executor without bond, inventory or settlement with any Court.

David K. Leath was the sole devisee of the Decedent's real estate. On March 14, 1997, the testator's daughter, Peggy Leath Tapp, and three of the five Heirs[2] under the will, Bryant Tapp, Richard Tapp and Raymond Tapp ("Legatees"), filed a petition to remove the Executor. The Legatees argued that David Leath should not be allowed to continue as executor because, among other reasons, he was the major debtor of the Estate of Richard L. Leath ("Estate") and that his interest was wholly adverse to that of the other beneficiaries under the will. Subsequently, by consent order of August 12, 1998, Paul R. Summers was appointed as a Special Master. On February 18, 1999, an order was entered denying the petition to remove Executor. On April 1, 1999, the Legatees, Michael Tapp, Bryant Tapp and Raymond Tapp filed a second petition for removal of Executor, and for a temporary injunction alleging a conflict of interest on the part of the Executor

---

[1] In presenting the pertinent procedural history relating to the original motions filed by the parties, we paraphrase from our previous decision in *In re Estate of Richard L. Leath v. David K. Leath,* No. W2003-01816-COA-R3-CV, 2004 WL 57087 (Tenn. Ct. App. 2004).

[2] Bryant Tapp, Richard Tapp, Raymond Tapp, Richard Leath and Sarah Jane Leath, collectively, are referred to in this opinion as the "Heirs."

in that the Executor was a debtor of the Estate and that he had breached his fiduciary duty. The petition also sought to enjoin Executor from disposing of the real estate in any way so as to encumber his ability to pay his debt to the Estate. On that same date, the Legatees filed a notice of Lien Les Pendens alleging that the Executor had no means of paying his debt to the Estate other than pledging the real estate described in the notice.

On September 17, 1999, a consent order was entered whereby the Executor agreed to pay a sum certain plus interest into the Estate within thirty days from the date of entry of the order as well as various Special Master and attorneys' fees. Executor further agreed that the Estate would be closed and the Executor discharged within thirty days from the date of entry of the order "or as soon thereafter as practical." On October 29, 1999, a *fieri facias* was issued against the Executor personally in the sum of $148,793.60, representing the amount of debt, including interest, owed by the Executor to the Estate. Execution was directed upon the real property of the Executor. By order of November 12, 1999, and by consent of the parties, Barbara W. Walls was appointed as Special Master to conduct a sale of the real property executed upon by Attachment and Execution and to distribute the proceeds in accordance with the provisions of the trial court's September 17, 1999, order and the Last Will and Testament of the Testator. Prior to the close of 1999, the Executor paid the Estate $148,793.60, preventing the sale of the real property. This amount represented $114,000 of principal due the Estate by the Executor and more than $33,000 in interest due. Due to the repayment of the loan and other monies paid into the Estate during 1999, federal income taxes, as well as income taxes imposed by the State of Tennessee, would be due by the Estate on April 15, 2000.

An order was entered on February 4, 2000, which provided that the parties had appeared in court and jointly announced a mutual agreement which provides, in part, as follows:

> This cause came on to be heard on the 7th day of January, 2000, before the Honorable Dewey C. Whitenton, Chancellor of the Chancery Court of Fayette County, Tennessee, upon the Plaintiff's Objection to Accounting and Motion to Compel Reimbursement of Monies to the Estate, upon the written response of the Executor/Defendant, upon statements of counsel and upon the entire record in this cause, from which it appears that the parties jointly announced in open Court a mutual agreement of the parties resolving the issues as follows:
>
> \*     \*     \*
>
> 1.    That David K. Leath be, and is hereby ordered, to reimburse the estate the amount of $5000.00 which amount is to be satisfied by monies currently in the custody of the Special Master.

2.  That the amount of $3,400.00, representing the balance of the attorneys' fees at issue are properly chargeable to the estate and not the individual responsibility of David K. Leath.

3.  That all funds currently in the Somerville Bank & Trust Company account in the name of the Estate of Richard Leath be immediately released and placed into the custody of the Special Master, Barbara W. Walls.

*     *     *

6.  That Barbara W. Walls be and is hereby ordered to make all disbursements of money for purposes of closing out the administration of the estate, in place of and instead of the Executor, David K. Leath, the provisions of the Order of Settlement dated September 17, 1999 notwithstanding; and, further, that the disbursements shall include payment of the Court costs to the Clerk and Master, the fee due to Paul R. Summers, Special Master, in the amount of $2,500.00; Edward B. Johnson's attorney fee in the amount of $550.00, and the Wilder & Saunders attorney fee in the amount of $8,000.00, all of which were approved by the Court by Order of Settlement filed and entered on September 17, 1999; and further, said disbursements shall include payment of the fee due to Barbara W. Walls, Special Master and Tracy Walsh, attorney for the estate, both in amounts as earlier approved in this order; and, further, after payment of the above referenced expenses of administration, the Special Master should disburse to Peggy Leath Tapp the amount of $1.00; and further, the remaining funds of the estate should be disbursed, in equal shares, to the beneficiaries, as follows: Michael Tapp, Bryant Tapp, Raymond Tapp, Richard Leath, and Sarah Jane Leath.

This order became final on March 6, 2000. No where in the consent order was there a mention of an income tax debt of the Estate for 1999, nor was there any mention of who would be responsible for the payment of said debt.

The Executor's attorney, Tracy Walsh, by letter dated March 2, 2000 and filed with the court March 3, 2000, alerted the Clerk and Master, Barbara Walls, serving as Special Master, as to the unpaid income tax debt of the Estate for 1999, as all the Estate funds had been placed into the custody of the Special Master. The letter reads, in pertinent part, as follows:

I have discussed the 1999 taxes for the estate with [the accountant] Vernon Tapp. He has indicated that the estate will owe both federal

-4-

and state taxes for 1999. The preliminary figure he has given me for the federal taxes is quite large.

Mr. Tapp is currently working on the tax returns and should have more definite figures to me shortly. In light of this information, I feel that it is unwise to make disbursements on the estate until all of the debts of the estate have been made.

It may be possible to do a partial distribution until the final tax amounts are due. Please call me to discuss this further.

The Executor's attorney copied Mr. Lee Saunders, the attorney for Michael Tapp, Bryant Tapp and Raymond Tapp. In response, Mr. Saunders, the attorney for the three grandchildren, by letter dated March 7, 2000, and filed with the court that same day, advised the Special Master, Barbara Walls, to proceed with disbursement of the funds of the Estate. The letter reads, in pertinent part, as follows:

I am advised that the Order entered by the Court on February 4, 2000 became final on March 6, 2000. It is our position that disbursement of the funds in accordance with the final Order is now appropriate, not withstanding the tax issues raised by Ms. Tracy Walsh's letter of March 2, 2000.

On March 8, 2000, the Special Master disbursed the funds of the Estate including one dollar to Peggy Leath Tapp, and the remainder of monies in equal shares to Sarah Jane Leath, David Richard Leath, Raymond Tapp, Michael Tapp, and Bryan Tapp,

On March 29, 2000, the Executor filed a motion to recover funds previously disbursed to the heirs in order to pay the taxes of the Estate and other related expenses. The motion reads, in pertinent part:

1. On January 7, 2000, a hearing was held before this Court on an Objection to Accounting and Motion to Compel Reimbursement of Monies to the Estate filed by certain heirs of the estate.

2. An order resolving said objection was entered on February 4, 2000.

3. Said order also resolved several other issues relating to the claims and debts of the estate, although it did not purport to resolve all

monetary issues. The order allowed Special Master to make disbursements for said claims.

4. Subsequent to the hearing on January 7, 2000, the Executor received the tax documentation necessary for the 1999 estate tax returns.[3] Due to the repayment of a loan and other monies paid into the estate during 1999, a sizeable tax debt has arisen.

5. The executor employed Vernon R. Tapp of Sommerville, Tennessee to prepare the tax returns on behalf of the estate.

6. Said returns have been prepared and the Richard L. Leath Estate owes federal estate taxes in the sum of $10,507.00,[4] as well as, $1,768.00[5] to the Department of Revenue for the State of Tennessee.

*       *       *

10. The taxes due are properly chargeable to the estate and should be paid from estate funds.

11. The Richard Leath Estate cannot be closed until these taxes are paid.

Therefore, the Executor asks the Court for an order compelling Michael Tapp, Bryant Tapp, Raymond Tapp, Richard Leath and Sara Jane Leath, to reimburse the estate the amount necessary to compensate Vernon R. Tapp and Tracy B. Walsh for their professional services rendered on behalf of the estate, sufficient funds to pay the 1999 federal and state taxes owed by the estate, as well as, any interest and penalties which have accrued thereon. The Executor additionally asks that these funds be reimbursed to the estate as soon as possible in order to avoid further costs.

The Legatees responded to this motion alleging that the federal and state income taxes due were rightfully the responsibility of the executor, David K. Leath. The trial court entered an order denying the motion. Following the filing of that order, the Legatees filed a motion to require the Executor to pay the federal income taxes due plus interest and penalties. They further moved that

---

[3] The Executor is referring to the income tax returns due for year 1999 by the Estate of Richard Leath.

[4] The $10,507 represents federal income taxes due by the Estate of Richard Leath to the Internal Revenue Service.

[5] The $1,768 represents state income taxes due by the Estate of Richard Leath to the Tennessee Department of Revenue.

Executor be required to pay to the Tennessee Department of Revenue income tax incurred by the Estate, if it had not, in fact, been paid.

On April 2, 2003, Executor filed a motion to discharge the notice of Lien Les Pendens previously filed in this matter. He requested that the trial court conduct a hearing to determine the validity of the Lien Les Pendens and to deny the motion previously filed requesting that he be required to pay the income taxes aforementioned. The trial court entered an order on June 27, 2003, reciting that before the court was the motion to order David Leath to pay income taxes owed by the Estate, his answer to the motion and his motion to discharge the notice of Lien Les Pendens, and upon the entire record. The court ruled that the Executor, David Leath, shall be responsible for payment of penalties and interest accrued but "the court makes no rulings as to who is responsible for the payment of taxes except to order that taxes be paid according to the law of the State of Tennessee and the Internal Revenue Service." An amended order was entered July 1, 2003, which states as follows:

> After further consideration, the Court finds that the order recently entered concerning the payment of taxes, penalties and interest should be amended and modified as follows:
>
> The payment of the taxes due shall be determined by the laws and regulations of the State of Tennessee, the United States of America, and the Internal Revenue Service, and shall be paid by those heirs, legatees and/or devisees found to be legally responsible, along with the penalties and interest. However, the Court further finds that it is equitable that the Executor, David K. Leath, shall reimburse, to those persons who actually pay the taxes, penalties and interest, the total amount of penalties and the interest that has accrued through April 30, 2003, and if David K. Leath is found to be personally liable for any portion of the taxes, then he will also pay his pro-rata share of the interest that accrues after April 30, 2003.

The Executor appealed the July 1, 2003, order of the trial court, contending that the trial court was in error in failing to rule who was responsible for payment of the income taxes, interest and penalty to the Internal Revenue Service and the State of Tennessee, and in failing to order the beneficiaries to repay sums previously disbursed to them sufficient to pay the taxes. This Court found that with the exception of having ruled on the payment of penalty and interest, the trial court had not ruled upon the issue of the party or parties responsible for the payment of the taxes and had not rendered a decision on the motion to remove the Lien Les Pendens. *See In re Estate of Richard L. Leath v. David K. Leath,* No. W2003-01816-COA-R3-CV, 2004 WL 57087 (Tenn. Ct. App. 2004). As a result, this Court held that the previous appeal was from an non-final judgment and therefore not appealable as of right. The appeal was dismissed on Jan. 9, 2004. *Id.* at \*3.

-7-

On September 10, 2004, Michael Tapp, Bryant Tapp, and Raymond Tapp filed their motion to determine liability for the payment of income taxes owed by the Estate and to order the Executor to close the Estate. The Legatees urged the trial court to determine who would be required to pay the liabilities of the Estate. On December 17, 2004, the trial court issued a final decree that reads, in pertinent part:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the taxes are to be pro rated among the various heirs, devisees and distributees in proportion to the amount of the distribution that each person received.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the interest due on the taxes shall be pro rated among the various heirs, devisees and distributees in proportion to the amount of distribution that each person received.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that all penalties on the taxes shall be paid by David Leath, individually.
>
> \*      \*      \*

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Court costs, including litigation tax, are to be paid one half by David Leath, individually, and the other one half by the other heirs and distributees, for all of which execution may issue.

All the parties appeal. The Appellant, David Leath, presents the following issues for review, as stated in his brief:

> 1. The Trial Court was in error in finding Defendant/Appellant, David Leath, responsible for the payment of taxes, interest and penalties to the Internal Revenue Service and the State of Tennessee.

> 2. The Trial Court was in error in ruling that beneficiaries to whom the estate funds had been disbursed to repay sufficient funds to the estate to pay the taxes, interest and penalties.

Despite Appellant's statement of the second issue, it appears from his argument that he, in fact, argues that the trial court erred in not ordering the heirs to repay sufficient funds to the Estate to pay the taxes, interests and penalties in full.

The Appellees, who are the five grandchildren of the Testator, Michael Tapp, Bryant Tapp, Raymond Tapp, Richard Leath and Sarah Jane Leath, ("Heirs/Appellees") present the following issues for review, as stated in their brief:

> 1. The Trial Court was in error in finding Appellees responsible for payment of the income taxes and interest to the Internal Revenue Service and the State of Tennessee.

> 2. The Trial Court was in error in finding Appellees responsible for payment of one-half (1/2) of the Court Cost.

The Executor argues that the income taxes due by the Estate should have been paid out of monies held by the Estate prior to the disbursement to the Heirs, and that the Executor, as a residuary beneficiary who received only personal and real property under the will, is not liable for any portion of the taxes, interest or penalties. Furthermore, the Executor contends that by the consent order filed with the trial court on February 4, 2000, all monies being held by the Estate were placed in the custody of the Special Master, Barbara Walls, which prevented the Executor from paying the federal and state income taxes due by the Estate for 1999, which came due on April 15, 2000.

The Heirs contend that the Executor entered into the consent order dated February 4, 2000, knowing that the consent order did not include a provision for payment of income taxes. The Heirs argue that the Executor had the responsibility to file the income tax return for the Estate before it could be closed, and that the disbursements agreed upon in the consent order did not exhaust the assets of the Estate, as the residuary estate still contained personal property and real property valued over $200,000. Thus, the Heirs argue that the Executor knowingly retained the responsibility, as Executor, to pay the income taxes out of the residuary estate.

The gravamen of the issue before this court is who should pay the federal and state income taxes due by the Estate of Richard L. Leath for the year 1999, and who should pay the interest and penalties that have accrued on these income taxes. The trial court's determination of who should pay the income taxes, interest and penalties of Estate of Richard L. Leath for the year 1999, is a question of law. As such, our review of the trial court order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); ***Waldron v. Delffs,*** 988 S.W. 2d 182, 184 (Tenn. Ct. App. 1998); ***Sims v. Stewart,*** 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

The monetary assets of the Estate should not have been disbursed before the income taxes for 1999 were paid. Tennessee law requires that taxes due by an estate must be paid before disbursement of the estate funds or that sufficient funds to pay the taxes be held aside before disbursement to beneficiaries. *See* T.C.A. § 30-2-317. [6] As previously noted, the trial court's order of February 4, 2000, did not make any provisions for payment of the Estate income taxes. As the Heirs contend, under Tennessee law a "decree and especially a consent decree may not be set aside or altered unless entered through fraud or mistake." ***Bringhurst v. Tual,*** 598 S.W.2d 620, 622 (Tenn. Ct. App. 1980) (citing ***Corby v. Matthews,*** 541 S.W.2d 789, 793 (Tenn. 1976)). However, mistake is exactly what occurred in this case.

The Executor should have notified the court prior to the entering of the February 4, 2000, consent order of the pending taxes due by the Estate. He did not. The trial court had no way of knowing when the consent order was filed that the Estate would owe income taxes for 1999 payable by April 15, 2000. Nevertheless, the Executor attempted to correct this mistake. Because all the Estate funds had been placed into the custody of the Special Master, the Executor sent a letter dated

---

[6] T.C.A. § 30-2-317, Priorities and preferences; contested or unmatured claims, reads:
> (a) All claims or demands against the estate of any deceased person shall be divided into the following classifications, which shall have priority in the order shown:
> (1) First: Costs of administration, including, but not limited to, premiums on the fiduciary bonds and reasonable compensation to the personal representative and the personal representative's counsel;
> (2) Second: Reasonable funeral expenses;
> (3) Third: Taxes and assessments imposed by the federal or any state government or subdivision thereof; and
> (4) Fourth: All other demands which may be filed as aforementioned within four months after the date of notice to creditors.
> (b) All demands against the estate shall be paid by the personal representative in the order in which they are classed, and no demand of one class shall be paid until the claims of all prior classes are satisfied or provided for; and if there shall not be sufficient assets to pay the whole of any one class, the claims in such class shall be paid pro rata.
> (c) Debts due upon bills single, bonds, bills of exchange and promissory notes, whether with or without seal, and upon settled and liquidated accounts signed by the debtor, are of equal dignity, unless otherwise provided, and are to be paid accordingly.
> (d) The personal representative shall hold aside sufficient funds or other assets to pay each contested or unmatured claim (or the proper ratable portion thereof, as the case may be) with interest (if the claim be one bearing interest), until it is determined whether or not such claim is to be paid, or until such unmatured claim has reached maturity, also sufficient assets to meet the expenses of pending litigation and costs of court and any unpaid taxes.

March 2, 2000, and filed with the court March 3, 2000, *see supra,* alerting the Special Master, the trial court and the Heirs' attorney as to the unpaid income tax debt of the Estate for 1999. Despite having received notice of the Estate's tax debt, on March 7, 2000, the Heirs' attorney sent a letter to the Special Master, *see supra*, advising her to proceed with disbursement of the remaining funds of the Estate. This was a mistake by the Heirs' attorney. We agree with the trial court's Opinion that it is "unfortunate that the taxes . . . were not paid out of the assets and funds of the estate prior to distribution" and the fault falls on both parties.[7]

Consequently, it is incumbent upon this Court to determine liability for the payment of the federal and state income taxes, interest and penalties owed by the Estate of Richard L. Leath, as if the disbursement of Estate funds was never made. The trial court held that the income taxes and accrued interest were to be prorated among the various beneficiaries in proportion to the amount of the distribution that each beneficiary received. Furthermore, the trial court held that penalties accessed for late payment should be paid by the Executor. However, this court does not agree with the trial courts determination of liabilities among the parties.

The Estate of Richard Leath received income in 1999 from the repayment of the promissory note held by the Estate from the Executor in the amount of $148,793.60. This income generated a tax debt to the Internal Revenue Service for $10,507, and $1,768.00 due to the Department of Revenue for the State of Tennessee. The taxes owed by the Estate were taxes occurring because of "income in respect of a decedent" or "IRD." IRD includes the amount of gross income to which a decedent was entitled but that was not includible in his final income tax return for the period ending on the date of his death. 26 U.S.C.A. § 691. *See also* MERTENS § 35E:10.[8] Taxes resulting from IRD are income taxes payable by the person receiving that income which would have been received

---

[7] In the trial court's Opinion dated September 10, 2004, that court stated:

> It is unfortunate that the taxes, which were due on April 15, 2000, for the year 1999, were not paid out of the assets and funds of the estate prior to distribution. The Court finds that the Executor was either aware, or should have been aware, that income taxes were due at the time of the entry of the Consent Order on February 4, 2000. The Executor's attorney was certainly aware at the time of her letter on March 3, 2000. The attorney for the beneficiaries was also aware of the taxes at the time of his letter on March 7, 2000.

[8] Mertens Law of Federal Income Taxation § 35E:10 states:

> The income in respect of a decedent must be included, in the year of receipt, in the gross income of either the decedent's estate or the person who acquired the right to receive such income. Income in respect of a decedent is the amount of all items of gross income that were not properly includible in the decedent's taxable income for the year of death or any previous year. Whether received by the estate or a person who acquired the right to receive the income, the character of such income is the same as if the decedent had received such amount before the decedent's death.

by the decedent had he lived. *Id.* at § 691(a). If it is the estate which actually receives the IRD, the estate is taxed. *Id.* at § 691(a)(1)(A).[9]

Under Tennessee law, state inheritance and federal estate taxes are not included in the "expenses of administration" or "expenses of the estate." *American Nat. Bank & Trust Co. v. Mander,* 253 S.W.2d 994, 998-99 (Tenn. Ct. App. 1952). However, in this State, under authorities hereinafter cited, *income taxes* due by the estate of a decedent are included in the administrative expenses of the estate. In C.J.S., it says:

> Income Taxes. An executor or administrator may in the usual course of administration pay income taxes constituting debts of the decedent's estate, and it has been held proper to file a claim against the estate for sums due the government under provisions of a gross income tax law.

34 CJS EXECUTORS § 409. In A.L.R. , income taxes are included as administrative expenses:

> The federal tax imposed upon the income of an estate is not an inheritance tax and is to be paid as an expense of administration of the estate, and not charged against the respective legatees.

If an estate receives an IRD, and income taxes result from the receipt of the IRD, then the income taxes become an administrative expense of the estate. In the present case, the Estate of Richard L. Leath received an IRD in the amount of $148,793.60, which generated Federal and State income taxes. Those taxes are an administrative expense of the Estate.

In the first section of the will of Richard L. Leath, the testator directs that "all of my just debts, funeral expenses, and the cost of administering my estate, be *first* paid by my Executor out of any *funds* coming into his hands as such executor." (Emphasis added). "Fund" is defined as "[a] sum of money or other liquid assets established for a specific purpose." Black's Law Dictionary 682 (7th ed. 1999). Thus, by the clear directive of the testator, the administrative expenses, including the income taxes, were to be paid *first* out of money received by the Executor coming into his hands

---

[9] 26 U.S.C.A.§ 691(a)(1)(A) Recipients of income in respect of decedents reads:
(a) Inclusion in gross income.(1) General rule. The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period (including the amount of all items of gross income in respect of a prior decedent, if the right to receive such amount was acquired by reason of the death of the prior decedent or by bequest, devise, or inheritance from the prior decedent) shall be included in the gross income, for the taxable year when received, of:
(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent.

as executor, prior to distribution of any monies from the Estate to the Heirs. Therefore, the income taxes should have been paid out of monies of the Estate, and no part should be taxed against the residuary estate. This position is supported by the fifth section of the will which states, in pertinent part, as follows:

> (b) After the payment of debts, funeral expenses, and the costs of administering my estate, if there is any money left in my estate; I hereby will, devise and bequeath the same to my grandchildren, namely; Sarah Jane Leath, David Richard Leath, Raymond Tapp, Michael Tapp, and Bryan Tapp, in equal shares, one-fifth to each of them, share and share alike.
> (c) All the rest and residue of my estate, and every kind, I hereby will, devise and bequeath to my son, David K. Leath, in fee simple absolutely.

The Testator's will makes it clear that the Heirs would receive the money remaining in the Estate, if, and only if, there was any money left after the payment of debts, funeral expenses, and the costs of administering the Estate. Consequently, the Heirs, Sarah Jane Leath, David Richard Leath, Raymond Tapp, Michael Tapp, and Bryan Tapp, must pay, in equal shares, the income taxes due by the Estate of Richard L. Leath to the Internal Revenue Service and the Department of Revenue of the State of Tennessee.

Significant interest and penalties have accrued on the income tax debt of the Estate since the due date of April 15, 2000. The trial court prorated the interest payments between the Executor and Heirs in proportion to the amount of distribution that each person received. Further the trial court held that the Executor should be held liable for all penalties on the income taxes due by the Estate. The trial court found that the Executor caused numerous delays in the proceedings involving the Estate and that his inaction led to the appointment of two special masters in an attempt to expedite the proceedings. Additionally, the trial court found that the Executor, who was or should have been aware of the income tax debt of the Estate, agreed to the premature distribution of the monies in the Estate under the consent order of February 4, 2000. Tennessee law allows for an executor to be surcharged for any penalties and interest charged against an estate if the penalties and interest accrued due to an executor's lack of due diligence in managing the estate. *McFarlin v. McFarlin,* 785 S.W.2d 367, 372 (Tenn. Ct. App. 1989); *Love v. First Nat'l Bank,* 646 S.W.2d 163, 166 (Tenn. Ct. App. 1982); *In re Inman's Estate,* 588 S.W.2d 763, 767 (Tenn. Ct. App. 1979). However, in the present case the trial court also found that the Heirs were at fault by improperly encouraging the premature disbursement of the monies of the Estate after they had been notified of the pending income tax debt. As well, it is the Heirs who have had the benefit of the prematurely disbursed funds for over five years. Therefore, it is the position of this Court that the interest and penalties due by the Estate of Richard L. Leath to the Internal Revenue Service and the Department of Revenue of the State of Tennessee that have accrued on the income tax debt of the Estate since the due date of April 15, 2000, be paid one-half by the Executor and one-half by the Heirs.

The final issue before this Court is the division of court costs assessed by the trial court one-half to each party. As discussed above, both parties have played a role in the mishandling of the

Estate, and the premature disbursement of funds which led to the prolonged litigation of these matters. We agree with the trial court's determination that court cost assessed by the trial court should be paid one-half by the Executor, and one-half by the Heirs.

In sum, the order of the trial court is affirmed in part, reversed in part, and the case is remanded to the trial court for entry of an order consistent with this Opinion. Costs of the appeal are assessed one-half to Appellant, David Leath, and his surety, and one-half to the Appellees, Sarah Jane Leath, David Richard Leath, Raymond Tapp, Michael Tapp, and Bryan Tapp.

**W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.**