IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 14, 2020 Session

## JEFF DRUEK v. HYDROGEN ENGINE CENTER, INC., ET AL.

Appeal from the Circuit Court for Greene County
No. 19CV335AEP          Alex E. Pearson,  Judge

_____

### No. E2019-02142-COA-R3-CV
_____

This action involves the plaintiff's attempted levy of execution on improved real property in Greeneville, Tennessee, owned by an intervening corporation, HEC-TINA, Inc. ("HEC-TINA"), and subject to a lease by another corporation, Plastic Innovation, Inc. (collectively, "Intervenors"), to satisfy a judgment against the original defendant/debtor corporation, Hydrogen Engine Center, Inc., of Iowa.  The plaintiff alleged that Hydrogen Engine Center, Inc., was the parent corporation of HEC-TINA.  Following a hearing and upon Intervenors' pleadings, the Greene County Circuit Court ("trial court") entered two orders, one granting Intervenors' petition to intervene and one granting Intervenors' motion to quash any levy of execution on assets owned by HEC-TINA.  The plaintiff has appealed the latter order.  Having determined that the order granting the motion to quash was entered based upon the consent and agreement of both the plaintiff and Intervenors, we affirm.  We deny Intervenors' motions to consider post-judgment facts and Intervenors' request for attorney's fees on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Francis X. Santore, Jr., Greeneville, Tennessee, for the appellant, Jeff Druek.

William S. Nunnally, Greeneville, Tennessee, for the appellees, HEC-TINA, Inc., and Plastic Innovation, Inc.

### OPINION

## I. Factual and Procedural Background

Three related corporate entities with similar names are involved in this action. During the hearing on Intervenors' petition to intervene and motion to quash the levy of execution, Intervenors' counsel presented a "Timeline" of events as an exhibit, to which Mr. Druek did not object. According to this Timeline and other documents introduced as exhibits, Hydrogen Engine Center, Inc. ("HEC Nevada") was incorporated in Nevada in 2000. In 2003, Hydrogen Engine Center, Inc. ("HEC Iowa") was incorporated in Iowa. HEC Iowa became a subsidiary of HEC Nevada in 2005 with HEC Nevada assuming all of HEC Iowa's assets and liabilities then in existence.[1] HEC-TINA, a wholly owned subsidiary of HEC Nevada, was incorporated in Nevada in 2014 and registered to conduct business in Tennessee on January 25, 2016.

On April 27, 2010, the president of HEC Iowa, Theodore G. Hollinger, executed a promissory note to Mr. Druek in the state of Iowa in the amount of $100,000.00 ("the Note"). Claiming default, Mr. Druek, a New York citizen, filed a petition in an Iowa state district court ("Iowa court") on February 16, 2016, attaching the Note and alleging that HEC Iowa had failed to perform under its terms. According to Mr. Druek's Iowa petition, which was attached in the instant action to Intervenors' petition to intervene, HEC Iowa had "executed and delivered" the Note in the principal amount of $100,000.00 "with interest there on from April 27, 2010, at the rate of 7% percent per annum" with "all accumulated principal and interest . . . due in full" on June 11, 2012.

In his Iowa petition, Mr. Druek asserted that through June 11, 2012, HEC Iowa had paid only $4,516.06 toward a total accrued interest due on the Note of $14,882.91 and had made no payment on the principal. Citing a provision in the Note that "[p]rincipal and interest not paid when due [would] draw interest at the rate of 9% per annum," Mr. Druek sought the $100,000.00 unpaid balance of the principal due; accumulated interest as of February 16, 2016, in the amount of $43,531.23; and accruing interest at nine percent *per annum* for each day since February 16, 2016.

According to the procedural history delineated in the Iowa court's subsequent judgment, attached to Mr. Druek's motion to sell in the instant action, HEC Iowa filed an answer on April 6, 2016, seeking dismissal of Mr. Druek's petition and asserting affirmative defenses of, *inter alia*, misrepresentation, fraud in the inducement, mistake, and failure to state a claim upon which relief could be granted. Mr. Druek filed a motion for summary judgment with the Iowa court on July 15, 2016. HEC Iowa responded by filing a "resistance," alleging that because Mr. Druek had fraudulently induced its representative

---

[1] This assumption of assets and liabilities was included in a United States Securities and Exchange Commission ("SEC") annual report filed by HEC Nevada for the fiscal year 2005 and entered as an exhibit during the hearing on Intervenors' petition and motion.

to execute the promissory note, a question of material fact existed as to whether HEC Iowa owed Mr. Druek any amount due on the promissory note.[2]  In a reply, Mr. Druek denied any fraudulent inducement.

Following a motion hearing, the Iowa court entered an order on December 30, 2016, denying Mr. Druek's motion for summary judgment.  However, on March 21, 2017, Mr. Druek filed a second motion for summary judgment in the same Iowa court.  The Iowa court entered an order on April 7, 2017, granting Mr. Druek's second motion for summary judgment upon noting that HEC Iowa had filed a response indicating that it had no objection to the second motion.  The Iowa court awarded to Mr. Druek a judgment in the amount of $143,639.29 plus *per diem* interest from the date of the order thereafter as well as costs and attorney's fees in the amount of $14,157.50.

Meanwhile, in August 2016, HEC-TINA had purchased a 5.92-acre tract of improved real property located at 203 Old Wilson Hill Road in Greene County, Tennessee ("the Property"), subject to the lien of a deed of trust held by American Patriot Bank.  A United States Securities and Exchange ("SEC") disclosure statement filed by HEC Nevada on November 22, 2017, included in the exhibits presented during the trial court's hearing on Interveners' pleadings, listed HEC Nevada's company address on the title page of the statement as 203 Old Wilson Hill Road in Greeneville, Tennessee.  We note that a 2016 biennial report for the State of Iowa, also included in the exhibits introduced during the trial court's hearing, listed individuals with a different Greeneville, Tennessee, address as HEC Iowa's corporate officers.[3]

On November 22, 2017, HEC-TINA leased 15,000 square feet of its building space on the Property to Plastic Innovation, Inc. ("PI").  On August 8, 2018, HEC-TINA was administratively dissolved in Tennessee as the result of an incorrect address on corporate filings, according to the affidavit of HEC-TINA's chief executive officer, which was attached to Intervenors' petition to intervene.  According to Iowa business entity filings, presented as an exhibit during the trial court's instant hearing, HEC Iowa was administratively dissolved in Iowa on the same day.

On August 15, 2019, Mr. Druek initiated the instant action by submitting a notice of filing of the Iowa court's judgment against HEC Iowa ("Iowa Judgment") in the trial

---

[2] According to the Iowa court's eventual factual findings, HEC Iowa alleged misrepresentation and fraud in the inducement on the basis that the $100,000.00 received from Mr. Druek was not a loan but instead represented a non-refundable option to purchase the Iowa corporation.

[3] The Iowa 2016 Biennial Report for an Iowa Corporation listed the address of HEC Iowa's corporate officers as 1621 Industrial Road, Unit B, Greeneville, Tennessee.

court, attaching both of the Iowa court's summary judgment orders. Mr. Druek's counsel attached an affidavit asserting that the judgment-debtor was "**Hydrogen Engine Center, Inc.**, whose post office address in the State of Tennessee was **203 Wilson Hill Road, Greeneville, Tennessee 37745**." Mr. Druek's counsel made no mention of an Iowa corporation in the notice of filing or the attached affidavit.

On September 30, 2019, Mr. Druek filed a "Motion to Sell Real Estate to Satisfy Judgment and for Injunctive Relief," pursuant to Tennessee Rule of Civil Procedure 69, seeking what he termed "satisfaction of judgment." Mr. Druek named as defendants Hydrogen Engine Center, Inc., with no distinction made between the Iowa and Nevada corporations; PI; and Apex Bank, the Successor to American Patriot Bank according to a "Substitute Trustee's Notice of Sale" subsequently attached to Intervenors' petition. Mr. Druek averred that the judgment debtor was "a foreign holding company, domesticated and doing business in the State of Nevada" and that HEC-TINA, a "wholly owned subsidiary of the defendant-debtor," was the owner of the Property. Mr. Druek further averred that Hydrogen Engine Center, Inc., presumably referring to HEC Nevada, had never been registered to conduct business in Tennessee.[4] As to injunctive relief, Mr. Druek requested that the trial court enjoin the defendants from, *inter alia*, further encumbering, disposing of, or damaging the Property. Mr. Druek attached to his motion a July 2018 press release entitled "Hydrogen Engine Center, Inc. and HEC-TINA News" and a property assessor's record concerning the Property.

In his motion to sell real estate, Mr. Druek stated that he had recorded a judgment lien with the Register of Deeds for Greene County, Tennessee, on September 30, 2019. He acknowledged that the judgment lien was inferior to the existing deed of trust held by Apex Bank and the lease agreement between HEC-TINA and PI. According to Mr. Druek's motion, his attorney had begun executing upon the Property by having local law enforcement and locksmiths secure the portion of the building located thereon that was not leased to PI.

The trial court conducted a hearing concerning the motion to sell real estate to satisfy a judgment on October 11, 2019, according to the Timeline, and orally granted Mr. Druek's motion as uncontested. However, the trial court did not enter a written order granting the motion. On October 16, 2019, Intervenors filed their petition to intervene and a motion to quash any levy of execution and to set aside the order of sale. Intervenors averred that although neither was a party to this action, they were both necessary parties because Mr. Druek was attempting to sell the real and personal property owned by HEC-TINA, which would also result in harm to PI by virtue of its leasehold agreement. Intervenors further

---

[4] In his motion, Mr. Druek asserted that because Hydrogen Engine Center, Inc., and HEC-TINA never appointed a registered agent for service of process in the state of Tennessee, service of process was effective upon HEC-TINA's office manager at the 203 [Old] Wilson Hill Road address on August 27, 2019.

alleged that Mr. Druek's actions had caused Apex Bank to begin foreclosure on its deed of trust, which they contended would effectively extinguish the lease between PI and HEC-TINA. In requesting that the trial court grant their petition, Intervenors argued that neither of them was liable to Mr. Druek for any judgment taken in Iowa against HEC Iowa.

The trial court conducted a hearing on November 1, 2019, concerning the petition to intervene and the motion to quash any levy of execution on HEC-TINA's assets. On November 8, 2019, the trial court entered two orders, one to allow Intervenors to intervene and one granting Intervenors' motion to quash. In the second order, the trial court directed Mr. Druek "to cease any efforts to sell any of the assets of HEC-TINA," including the Property. Although not expressly recited in the written orders, it is undisputed that both orders were entered upon the mutual consent of Mr. Druek and Intervenors. Mr. Druek timely appealed solely the order quashing any levy of execution.

## II. Issues Presented

Mr. Druek presents the following issue for this Court's review, which we have restated as follows:

1.      Whether the trial court erred by granting Intervenors' motion to quash a levy of execution on HEC-TINA's Tennessee assets to satisfy Mr. Druek's Iowa judgment against HEC Iowa when, because of their corporate structure, an execution on one was allegedly an execution on the other.

Intervenors present the following additional issue, which we have restated slightly:

2.      Whether this appeal is frivolous such that Intervenors should be granted an award of attorney's fees on appeal in the amount of $10,000.00.

## III. Standard of Review

Our review of the trial court's judgment following a non-jury proceeding is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact

with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those involving the Tennessee Rules of Civil Procedure, *de novo* with no presumption of correctness. *Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003).

### IV. Consent Order Quashing Levy of Execution

Mr. Druek has raised an issue on appeal with respect to the trial court's order granting Intervenors' motion to quash any levy of execution on the Property. Upon review, however, we have determined that inasmuch as the order in question was a consent order, Mr. Druek's failure to file a Tennessee Rule of Civil Procedure 60.02 motion is dispositive in this matter.

As this Court has explained:

> Consent decrees, compromise and settlement agreements, and agreed orders are favored by the courts and represent the achievement of an amicable result to pending litigation. A consent decree signed by the parties involved has been described as "about the most binding of agreements that can be made." *Bringhurst v. Tual*, 598 S.W.2d 620, 622 (Tenn. Ct. App. 1980) (citing *Smelcer v. Broyles*, 225 Tenn. 187, 465 S.W.2d 355, 356 (Tenn. 1971)); *Boyce v. Stanton*, 83 Tenn. 346, 375-76 (1885).

*Silliman v. City of Memphis*, 449 S.W.3d 440, 448 (Tenn. Ct. App. 2014) (quoting *Henderson v. Wilson*, No. M2009-01591-COA-R3-CV, 2011 WL 683905, at *4 (Tenn. Ct. App. Feb. 25, 2011)). Moreover, "[c]onsent decrees have attributes both of contracts and of judicial decrees." *Silliman*, 449 S.W.3d at 449 (quoting 46 Am. Jur. 2d *Judgments* § 186). Moreover, this Court has previously elucidated:

> A consent order is defined as "a solemn contract or judgment of the parties put on file with the sanction and permission of the court." 49 C.J.S. *Judgments* § 182 (1997). It is well settled in Tennessee that consent orders are valid and binding. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). In *Nance v. Pankey*, 880 S.W.2d 944, 946 (Tenn. Ct. App. 1993), this Court stated:
>
> > [A consent] order is conclusive upon the consenting parties, and can neither be amended nor in any way varied without like consent; nor can it be reheard, appealed from or reviewed upon writ of error. After a consent decree has become final it can only be attacked by a suit against the counsel who consented

- 6 -

to it or by a bill of review or some original action. *Kelly v. Walker*, 208 Tenn. 388, 346 S.W.2d 253, 255-56 (1961); *see also City of Shelbyville v. State ex rel. Bedford County*, 220 Tenn. 197, 415 S.W.2d 139, 144 (1967).

*Bacardi v. Tenn. Bd. of Registration in Podiatry*, 124 S.W.3d 553, 562 (Tenn. Ct. App. 2003).

However, a challenge to a consent order is permitted under certain limited circumstances, notwithstanding the contractual nature of such an order. *Silliman*, 449 S.W.3d at 448-51. The *Silliman* Court cited with approval a federal decision indicating that a consent order could be challenged via the federal counterpart to Tennessee Rule of Civil Procedure 60.02:

> While a consent decree "embodies an agreement of the parties and thus in some respects is contractual in nature," it is nonetheless subject to Rule 60(b) [the federal counterpart to Rule 60.02] because it is "a judicial decree that is subject to the rules generally applicable to other judgments and decrees."

*Silliman*, 449 S.W.3d at 450 (quoting *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012)) (in turn quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992)). *See Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011) ("Although federal judicial decisions 'interpreting rules similar to our own are persuasive authority for purposes of construing the Tennessee rule,' they 'are non-binding even when the state and federal rules are identical.'" (quoting *Harris v. Chern*, 33 S.W.3d 741, 745 n.2 (Tenn. 2000))).

Tennessee Rule of Civil Procedure 60.02 provides that after an order is final, a court may relieve a party from a final judgment "[o]n motion and upon such terms as are just," based on the following grounds:

(1)     mistake, inadvertence, surprise or excusable neglect;

(2)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(3)     the judgment is void;

(4)     the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or

(5)     any other reason justifying relief from the operation of the judgment.

Rule 60.02 further provides that motions must be filed within "a reasonable time," except that motions brought under (1) and (2) must be filed not more than one year after entry of the judgment.

The transcript of the November 1, 2019 hearing reflects that Mr. Druek, thorough his counsel, consented in open court to the trial court's order granting Intervenors' petition to intervene. That order is not at issue on appeal. At the close of the arguments presented by counsel for both Mr. Druek and Intervenors during the November 2019 hearing, the trial court directed the parties to meet in chambers. The trial court subsequently entered the order granting Intervenors' motion to quash any levy of execution on the Property on November 8, 2019, "for good cause shown" without making any specific factual findings. When questioned during oral argument before this Court concerning whether the trial court had made factual findings related to the motion to quash, Mr. Druek's counsel acknowledged that the order granting Intervenors' motion to quash was an agreed consent order. Furthermore, Intervenors have averred in their appellate brief that they presented the two orders to the trial court in chambers where, after consent and agreement from Mr. Druek, the orders were signed by counsel for Intervenors and Mr. Druek before entry by the trial court.

The record is devoid of any indication that Mr. Druek ever filed a Rule 60.02 motion, or any other post-judgment motion, seeking relief from the trial court's order granting the motion to quash. We therefore determine that no basis exists upon which to set aside the consent order quashing any levy of execution on the Property. *See Bringhurst v. Tual*, 598 S.W.2d 620, 622 (Tenn. Ct. App. 1980) ("Absent some proof of fraud or mistake in a proceeding to alter a consent decree previously made, the consent decree as made will stand.") (citing Tenn. R. Civ. P. 60; *City of Shelbyville v. State ex rel. Bedford Cty.*, 415 S.W.2d 139, 144 (Tenn. 1967)).

V.  Intervenors' Motions to Consider Post-Judgment Facts

Intervenors have filed two motions, pursuant to Tennessee Rule of Appellate Procedure 14, requesting that this Court consider post-judgment facts. In the first motion, filed on July 22, 2020, Intervenors asked this Court to consider that (1) HEC-TINA and Package Express Center, Inc. ("PEC"), PI's parent company, had purportedly entered into an agreement to purchase the Property after the trial court had entered its final judgment but prior to Mr. Druek's filing his appeal; (2) Intervenors had drafted a proposed agreement stipulating that Mr. Druek would not interfere with the pending sale of the Property, which, notwithstanding assurances from his counsel, was never signed by Mr. Druek; and (3) PI's

chief operating officer had sworn that he had knowledge of the purchase agreement between HEC-TINA and PEC.

In Intervenors' second motion, filed on October 5, 2020, they requested that this Court consider that (1) a warranty deed conveying the Property from HEC-TINA to PEC, dated May 6, 2020, had been recorded in the Greene County Register's Office in August 2020; (2) a "Loan Assumption Agreement and Assumption of the Deed of Trust" had also been recorded in the Greene County Register's Office in August 2020; and (3) the proceeds from the transfer of title were being held in escrow pending the outcome of this appeal.

In light of our determination that no basis exists upon which to set aside the consent order granting Intervenors' motion to quash, consideration of these post-judgment facts would not affect the positions of the parties or the subject matter of the action. *See* Tenn. R. App. P. 14(a); *see, e.g., Book-Mart of Fla., Inc. v. Nat'l Book Warehouse, Inc.*, 917 S.W.2d 691, 693 (Tenn. Ct. App. 1995). We therefore deny Intervenors' motions to consider post-judgment facts.

VI. Attorney's Fees on Appeal

Intervenors assert that this appeal is frivolous and request an award of $10,000.00 in attorney's fees purportedly incurred defending this appeal. As this Court has previously explained regarding frivolous appeals:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.

> A frivolous appeal is one that is devoid of merit or one that has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted).

Similarly, Tennessee Code Annotated § 27-1-122 (2017) provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the

judgment, and expenses incurred by the appellee as a result of the appeal.

We determine that this appeal was not frivolous or taken solely for delay. Therefore, we exercise our discretion to deny Intervenors' request for attorney's fees on appeal.

## VII. Conclusion

For the reasons stated above, we affirm the trial court's judgment. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Jeff Druek.

_____
THOMAS R. FRIERSON, II, JUDGE